**VAN HOOZER, Ex'r, v. MYERS, Co. Treas.**

No. 14121—Opinion Filed Feb. 26, 1924.

Rehearing Denied April 8, 1924.

**1. Taxation—Assessment of Omitted Property—Procedure.**

Where, under section 9798, Comp. Stat. 1921, a person, employed to assist in the discovery of property not listed and assessed, as required by existing laws, made his report to the county treasurer, setting forth that a certain taxpayer had failed to list his taxable property, consisting of cash, notes, credits, accounts, and other personal property, in certain amounts, for each of three years, and the county treasurer gave the proper ten days' notice to said taxpayer and the taxpayer refused to appear and show proper cause why said property should not be listed, and there being no particular form of petition, complaint, or notice required by the statute to be filed or given, under such circumstances the treasurer was justified in extending upon the tax rolls of said county the amount found to be omitted.

**2. Same—Appeal—Affirmance.**

Where, upon appeal from a decision of the county treasurer, in the trial the evidence showed that the taxpayer had large amounts in cash on deposit in a bank in the county that had not been listed, as required by statute, for the three years, as reported and contained in the notice served by the county treasurer of the county, and the tax lists, signed by the taxpayer for the years mentioned, introduced in evidence, did not show a return under the head, "Money on hand, which included coin, currency and deposits which the owner is entitled to withdraw on demand," and the county assessor, who made the assessment, testified that no cash was included under the item, "Average value of capital, goods and merchandise," and the amount of merchandise was shown to have been largely in excess in value of the amount assessed in said list and the taxpayer refused to offer any evidence to the contrary, the judgment of the court, ordering the amount of cash so found

to be on deposit and not listed, should be extended upon the tax rolls of the county and the legal taxes collected upon the same, should be affirmed.

**3. Same — Effect of Taxpayer's Death on Proceedings.**

The right of the officers who are empowered and charged with the duty to see omitted property is subjected to taxation is a continuing one against each and every taxpayer, and it is not terminated with the death of the latter but proceedings in discharge of such duty can be maintained against his estate after his death, and the notice required by the law may be served upon his administrator or executor.

**4. Executors and Administrators — Priority of Claim for Taxes.**

Taxes due the United States, state, county, or city constitute a debt against the estate of the decedent, which must be paid before it is subject to distribution to his heirs or devisees.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Garvin County; J. D. Cofield, Judge.

Appeal from the decision of the County Court in ordering omitted property to be extended upon the tax rolls and legal taxes collected thereon by the County Treasurer of Garvin County. Affirmed.

Alvin F. Pyeatt, for plaintiff in error.

Bowling & Farmer, for defendant in error.

Opinion by THOMPSON, C. This action arose before the county treasurer of Garvin county over the report of a tax ferret, who had been contracted with by the board of county commissioners of Garvin county to assist the officers of the county in the discovery of property not listed and assessed, which report to said county treasurer is as follows:

"Pauls Valley, Oklahoma,
"September 19, 1922.
"Hon. Joe F. Myers,
"County Treasurer Garvin County,
Pauls Valley, Oklahoma.

"Dear Sir:

"In compliance with section 7449, Revised Statutes of Oklahoma 1910, wherein it is provided that property discovered that is not listed, shall be listed and I am herewith notifying you that the tax ferret of Garvin county, Oklahoma, has discovered property belonging to the estate of W. C. Van Hoozer, deceased, to wit: Cash, notes, credits, accounts and other personal property in the sum set opposite the following years to wit:

1919, $20,000.00; 1920, $20,000.00; 1921, $22,-000.00.

"The statute referred to above requires that before listing and assessing properties discovered that you shall give the person in whose name it is supposed to be assessed, ten days notice thereof by registered letter addressed to him at his last known place of residence, fixing the time and place when objections in writing to such proposed listing and assessment may be made, and I propose to list and assess said property against the estate of W. C. Van Hoozer, deceased, Allie E. Van Hoozer, executrix, in accordance with the amount set opposite the above years.

"Sam Ingram, Tax Ferret,
"Garvin County, Okla."

And, upon receiving said report from the said tax ferret, the county treasurer immediately gave notice by registered mail as follows:

"To Mrs. Allie E. Van Hoozer:

"Executrix of the Estate of W. C. Van Hoozer, Deceased:

"This is to notify you that information has been secured by the tax ferret of Garvin county, Oklahoma, that he proposed listing and assessing cash, notes, credits, accounts and personal property not listed and assessed as required by law which he has discovered, for the following amounts set opposite the following years, to wit:

"1919 _____$20,000.00
"1920 _____$20,000.00
"1921 _____ $22,000.00

"In accordance with the statutes of the state of Oklahoma, I am hereby giving you notice that I will assess said property to you, if no objection is made at my office in Pauls Valley, Garvin County, Oklahoma, on the 30th day of September, A. D. 1922, and if you wish to be heard on this matter, please be present on this date at 10 o'clock a. m.

"J. G. Myers, County Treasurer, Garvin County, Oklahoma."

Said report of tax ferret stated that he had found cash, notes, credits, accounts, and other personal property against the estate of W. C. Van Hoozer, deceased, for the years 1919, $20.000, 1920, $20,000, and 1921, $22,000, and a ten days' notice was given to Allie E. Van Hoozer, executrix aforesaid, to appear before the county treasurer on the 30th day of September, 1922, at ten o'clock a. m., if she had any objections to urge against said property being entered upon the tax rolls of the county.

On the 23rd day of September, the said executrix, by her attorney, wrote a letter to the treasurer, demanding an itemized list of all the properties which had been discov-ered and which it was proposed to value and assess against the estate of the decedent. The county treasurer referred her to the attorney for the tax ferret, and, on the day named for the hearing, the attorney for plaintiff appeared before the treasurer and filed objections and exceptions to the pleading on the grounds that she had not been properly notified of the nature and character of the personal property which had escaped taxation, and contended that the treasurer had no power to revalue property, which had been undervalued. The objections were overruled at said hearing, and, among other proceedings, there was introduced the assessment lists against the property of W. C. Van Hoozer for the years 1919, 1920, and 1921. The above lists did not show a return, under subdivision 31, entitled, "Money on hand which includes coin, currency, and deposits which the owner is entitled to withdraw on demand," of any money listed for taxation, but under subdivision 36, "Average value of capital, goods and merchandise," for the year, 1919, $35,000, for the year 1920, $28,-000, and for the year 1921, $37,700, and at the close of said hearing before the county treasurer, said treasurer ordered the property of W. C. Van Hoozer to be assessed for the year 1919 in the additional sum of $20,000, for 1920, the sum of $20,000 and the year 1921, the sum of $22,000. from which an appeal was taken to the county court of Garvin county, and upon| trial before the county court of Garvin county the bookkeeper for W. C. Van Hoozer, deceased, and bookkeeper for the executrix, Allie E. Van Hoozer, testified from his books that on January 1, 1920, there was cash on hands, belonging to the estate, in the First National Bank and in the till, $13,-710.11, and on January 1, 1921, there was cash on hands in the till, in the First National Bank, $8,753.39, and that his books did not show the cash on hands on January 1, 1919. He also testified that on January 1, 1920, that there was merchandise and fixtures on hands, as shown by the books, $50,-089.23; that on January 1, 1921, there was on hands merchandise and fixtures in the sum of $52,255.43.

The tax assessor testified that he made the assessment, himself, and that there was nothing entered upon the assessment lists for the years 1919, 1920, and 1921, except the value of the merchandise at a 75 per cent. valuation, and that they did not include any cash.

The cashier of the First National Bank testified that there was a balance on hands in said bank to the credit of W. C. Van

Hoozer, at the close of business on December 31, 1918, $4,965.90, and that on December 31, 1919, at the close of business that there was in cash to his credit $29,000, and that on December 31, 1920, $8,551,89, and that on January 1st of each of those years the bank did not transact any business on account of the fact that the first of January of each year was a holiday and the bank remained closed on said dates.

At the close of the testimony on part of the treasurer, the attorneys for Allie E. Van Hoozer, executrix, demurred to the testimony of all the witnesses for the reason that no specific items of personal property had been pointed out and described by the testimony as having escaped taxation, and that the treasurer was seeking to revalue property, which had already been valued, which the court was without jurisdictional power to do, and that there was no testimony tending to point out or describe any item, or items, of any notes, accounts, monies, credits, or personal property or to distinguish such item, or items, from other like kinds rendered and assessed. The court sustained the demurrer as to notes and accounts and overruled the demurrer as to the cash, shown by the evidence to the credit of W. C. Van Hoozer on January 1st of 1919, 1920, and 1921, to which ruling of the court an exception was reserved, and Allie E. Van Hoozer, executrix, declined to offer any testimony except to ask the court to consider in evidence the transcript of the appeal from the treasurer, which transcript was admitted in evidence. The county treasurer then asked the court that, in view of the fact that the respondent had refused to offer any testimony, to render judgment against the respondent in the cause. Whereupon, the court rendered judgment, finding that the amount of cash that had been omitted from the list returned by W. C. Van Hoozer for taxation for the year 1919, was $4,965.90, for the year 1920, $29,254, and for the year 1921, $8,551.-37.

A motion for new trial was filed, heard, and overruled, and the court rendered judgment in the cause, denying judgment in so far as it was sought to list and assess omitted notes, credits, and accounts, or any other personal property, except cash, in the amounts above set out for taxation for the years 1919, 1920, and 1921, and that the said amounts in cash had been omitted from the list and assessment for said years, and that said amounts were taxable, under the laws of the state of Oklahoma, and that said amounts had been on deposit in the First National Bank of Pauls Valley, Okla., in Garvin county, in the name of W. C. Van Hoozer and subject to his check on the dates and for the years heretofore set out, and ordered that the county treasurer of Garvin county, or such other officer, or officers, of said county, to list and assess for taxation against the estate of W. C. Van Hoozer, deceased, the amounts for the respective years heretofore set out, and ordered that these amounts should be extended upon the tax rolls of said county by the county treasurer, and that the lawful taxes thereon for said years should be collected by said county treasurer, or such other officers as are authorized by law to collect the same in the manner and form, provided by law, to which exception was reserved, and from said judgment of the county court of Garvin county this cause comes regularly on appeal to this court by plaintiff in error.

The attorney for plaintiff in error sets up, in his brief, four assignments of error, which are as follows:

"1. The judgment of the court is not sustained by the evidence.

"2. The court erred in permitting the county treasurer and tax ferret to proceed against the estate of plaintiffs decedent by a general notice that they had discovered notes, accounts and cash and personal property for the years 1919, 1920, and 1921 in the sum of $20,000 for each of said years without advising this plaintiff by the filing of proper pleadings setting out in greater detail the amount and value of notes, the amount and value of accounts, and the amount of cash supposed to have been discovered for each of the above years, in order that plaintiff might have prepared her defense against such claim and demand.

"The court erred in rendering judgment against the plaintiff in error and in favor of the defendant in error for cash on hands for the years 1919, 1920, and 1921 as was done, because said cash or money, if any was on hands, or in bank to the credit of the said W. C. Van Hoozer, at the tax assessing time, to wit: the first days of January 1919, 1920, and 1921, the same was included in the return made by the said W. C. Van Hoozer, under item 36 of Form No. 1234 M provided under provisions of law by the State Examiner and Inspector as the 'average amount and value for preceding year of capital, goods, and property employed in merchandising,' and was not subject to separate listing and valuation and assessment.

"4. The court erred in rendering judgment against Allie E. Van Hoozer, as trustee of the estate of W. C. Van Hoozer, under the will, because the notice and demand such as they were, and the appeal from the action and decision of the county treasurer,

and all the proceedings resulting in said judgment were against and by the said Allie E. Van Hoozer, as executrix of the estate of W. C. Van Hoozer, deceased and not against or by her as his trustee under the will, and said Allie E. Van Hoozer, as trustee was not and is not now properly before said county court or before the court, and said judgment is void as to the said trustee."

Attorney for plaintiff in error, in his brief, says, "in a way the whole judgment might be attacked from the angle that it is not sustained by the evidence." The rule to be applied here is, if there is any evidence reasonably tending to support the judgment, or finding, of the trial court, where the evidence is attacked by demurrer, and where, as in this case, the plaintiff in error chose to stand upon the testimony, introduced by the defendant in error, and refused to offer any evidence in her own behalf, the judgment must be affirmed. This rule, which has been sustained by this court in an unbroken line of decisions, must be followed.

It will be observed that the demurrer was sustained by the court as to the listing and assessing of omitted notes, credits, accounts or other personal property except cash, and only found that said amounts in cash should be listed and extended upon the tax rolls and taxes collected upon the amounts in cash found, that had not been listed by W. C. Van Hoozer, deceased, for the years 1919, 1920, and 1921. The property listed for taxation, as shown by the lists introduced in evidence for these years, signed by W. C. Van Hoozer, did not make return of any cash for said years under item 31 of the list, under the head of "Money on hand, which includes coin, currency, and deposits which the owner is entitled to withdraw on demand." The testimony of the cashier of the First National Bank showed that W. C. Van Hoozer had on deposit in said bank, at the close of business on December 31st of the following years, amounts as follows: 1918, $4,965.90; 1919, $29,254; 1920, $8,551.37. And the testimony of the tax assessor is that he made the assessment, and that under subdivision 36 of the tax rolls, under the head of "Average value of capital, goods and merchandise," for the year 1919, there was listed for taxation $35,000; for the year 1920, $28,000; for the year 1921, $37,700, and that no cash was included within these amounts.

The testimony of W. C. Van Hoozer's bookkeeper is that it was the general practice of all merchants and was the practice of the deceased to reduce his stock of merchandise before the first of January each year, before taking an inventory, and that the books of the concern showed that on January 1, 1920, the value of the merchandise and fixtures on hands was $50,089.23, and on January 1, 1921, the value of merchandise and fixtures on hands was $52,255.43, and the assessor testified that he had adopted the rule in making assessments to assess the value of the stock of merchandise and fixtures at 75 per cent. as the average amount and value for one year the same was to be taxed. From comparison of the above figures, under item 36, and the amount of cash in the bank, it is clearly shown that the tax assessor's testimony must be correct when he says that no cash was considered under item 36, for, if you add the cash in the bank to the value of the merchandise, the taxable amount, measured by the rule, would far exceed 75 per cent. and it is clearly shown from the evidence in this case that no cash was listed for the years claimed by the treasurer and the tax ferret by W. C. Van Hoozer, as required by law to be done, and the evidence upon this proposition is overwhelming and uncontradicted, and the contention of plaintiff in error that there might have been some checks outstanding against the money in the bank, on the night of the 31st day of December of each of the years complained of, can have no force and effect in this court, after she refused to make any effort to prove that there were any outstanding checks against these amounts, and she, and she alone, had this information and evidence in her possession, and her claim comes too late in asking the court to indulge this presumption when it is not sustained by any proof that there were outstanding checks against the bank deposit for these years.

We are, therefore, of the opinion that the evidence not only tends to sustain the judgment of the court, but fully sustains the court in his findings. Any conflict between the testimony of the bookkeeper, in the employ of plaintiff in error, and the bank cashier was settled by the trial court's decision, and the court very rightly decided that the statement of the cashier from the books of the bank, in which the money was deposited should be conclusive upon this proposition.

Upon the second proposition the law is, under section 9798, Comp. Stat. 1921, as follows:

"The board of county commissioners of any county in this state may contract with any persons or persons to assist the proper officers of the county in the discovery of

property not listed and assessed, as required by existing laws, and fix the compensation at not to exceed fifteen per cent. of the taxes recovered under this article. Before listing and assessing the property discovered, the county treasurer shall give the person in whose name it is proposed to assess the same, ten days' notice thereof by registered letter, addressed to him at his last known place of residence, fixing the time and place when objections in writing to such proposed listing and assessments may be made. An appeal may be taken to the county court from the final action of the treasurer within ten days, by giving notice thereof in writing and filing an appeal bond, as in cases appealed from the board of county commissioners to the district court."

There is no justifiable complaint that the tax assessor did not file with the county treasurer a statement of property belonging to the estate of W. C. Van Hoozer, deceased, which had been omitted from the tax rolls in assessing the property of W. C. Van Hoozer, for the years 1919, 1920, and 1921, and there is no question but what the ten days' notice was given to Allie E. Van Hoozer, executrix of his estate, and the record shows that she and her bookkeeper and her banker, after being subpoenaed, refused to appear before the treasurer to make any showing why the assessments should not be made as contained in the notice to her, but that her attorney appeared and objected to any proceeding in the matter at all on account that proper lists of an itemized statement, specifying the identical property, had not been furnished the said executrix.

Then after the decision by the county treasurer, appeal was taken to the county court and the proceeding before said court showed conclusively, as heretofore found in this opinion, that the cash items, heretofore set forth in this opinion, had been omitted and no taxes had been paid, and the court refused to extend upon the tax rolls of said county any property other than the exact amounts in cash shown to have been on deposit in the First National Bank of Pauls Valley, and under this state of the record the argument of counsel, as to what the lists should have contained as to notes, accounts, and other personal property cannot have any force upon this proposition. The statute, above quoted, does not provide that any special pleading shall be filed by the tax ferret, or the county treasurer, and it is our opinion that the statement of the tax ferret and the notice sent to the plaintiff in error were sufficient and was a substantial compliance with the statute, and we are,

therefore, of the opinion that the statute, providing for notices as to valuation by the assessor or by a board of equalization to revalue the listed property, or the notice to tax payers where and when the assessors shall meet them for the purpose of making assessments, have nothing whatever to do with this case, and that the contention under the second ground of complaint can not be sustained.

Under the third assignment of error, it is urged that the cash in the bank for the years 1919, 1920, and 1921 was included in the return made by W. C. Van Hoozer, under item 36, heretofore referred to, and was not subject to separate listing, valuation, and assessment. In the light of the testimony of the tax assessor and in the light of the comparison of the figures, under said item 36, with the value of the goods and fixtures, as shown by the bookkeeper, we are forced to conclude that the cash items in the bank were not included under item 36, and were not considered in making the assessment, either by W. C. Van Hoozer or the assessor at the time the returns were made. We are not unmindful that parol testimony is not admissable to vary the assessor's record, as contended by counsel for plaintiff in error, but in this instance the assessor's record is not attacked, as the court very properly found that the value of the goods and fixtures was far in excess of the assessed valuation, as contained in the lists, yet he refused to allow any raise of the assessment on the goods and fixtures, and sustained the demurrer of plaintiff in error as to these items, but parol evidence was permissible to show that no cash was assessed, under item 31 of the tax lists, heretofore referred to in this opinion, when, in truth and in fact, he had large amounts to his credit and subject to his order on deposit in the First National Bank, and to the contention of counsel for plaintiff in error upon this phase of the case we cannot agree.

Upon the fourth proposition, it is admitted that W. C. Van Hoozer died in May, 1921, and that Allie E. Van Hoozer was appointed executrix of his estate, and that the county treasurer served notice on Allie E. Van Hoozer, said executrix, who is still the executrix of the estate as far as the record discloses, that the tax ferret proposed listing and assessing cash, notes, credits, accounts, and personal property not listed and assessed, as required by law, which he had discovered, for the years above set out. The statute law of this state provides that the debts of the estate, among others, shall be

"taxes due the United States, state, county, or city," and this court, in the case of Gamble v. Patrick, Co. Treas., 22 Okla. 915, 99 Pac. 640, has determined this question as follows:

"The right of the officers, who are empowered and charged with the duty to see that omitted property is subjected to taxation, is a continuing one against each and every taxpayer, and it is not terminated with the death of the latter, but, proceedings in discharge of such duty can be maintained against his estate after his death, and the notice required by the law may be served upon his administrator or executor."

In the body of the opinion it is said that such a claim is:

"A debt against the estate of the decedent, which must be paid before it is subject to distribution to his heirs or devisees."

In our view of this case, the evidence is overwhelming that W. C. Van Hoozer omitted from taxation the large items of cash for the respective years involved, that the estate of the said W. C. Van Hoozer is indebted for the amount of the legal tax upon the same, and that the method pursued to secure the amount due for taxes upon this amount of cash by the treasurer of Garvin county was a substantial compliance with the statute; that the judgment of the court in this cause was correct. It is the plain duty of every citizen to pay his taxes, and under the record in this case, the estate of the said W. C. Van Hoozer should not be excused from the performance of that duty.

We are, therefore, of the opinion that the judgment of the county court should be and is hereby affirmed.

By the Court: It is so ordered.