STALEY et al. v. BRANNAN et al.

No. 34764.    April 8, 1952.

*243 P. 2d 346.*

C. C. Wilkins, Marietta, for plaintiffs in error.

J. W. Dixon, Marietta, for defendants in error.

HALLEY, V. C. J.  T. A. Brannan, a resident of Love county, Oklahoma, died on June 2, 1942. He left a will whereby he devised to his wife certain real estate. His three sons, Robert F. Brannan, Maxwell C. Brannan, and Jack C. Brannan, to whom he devised certain real property, share and share alike, were named as executors without bond. His will directed that all personal property be sold and all of his obligations be satisfied from the proceeds, and that any residue be divided equally among his wife and three sons. One son, Jack C. Brannan, declined to serve as an executor, and R. Brannan was appointed administrator with the will annexed.

The will was duly admitted to probate in the county court of Love county, and after notice to creditors and the filing of inventory and appraisement, the executors and administrator proceeded to dispose of the personal property of the estate and to satisfy all claims filed, allowed and approved.

Notice to creditors was first published June 26, 1942. On February 15, 1943, a final account and petition for distribution was filed, and on March 9, 1943, after notice, the court entered an order allowing the account, barring claims, and making a partial distribution of the estate. This order provided in part that "all claims, if any there be, against said deceased and against said estate, not filed within the time provided in said notice, are forever barred." The entire estate was appraised at more than $170,000, about half of which consisted of personal property.

The court found that all debts against the estate had been paid, "with the exception of taxes that might be due the United States Government and the State of Oklahoma", and that "said estate is ready for at least partial distribution." The court found that there was sufficient cash on hand to pay taxes due, and then proceeded to distribute all of the real estate as provided in the will. The final account and petition for distribution stated that the taxes were not yet determined and that there was also due an amount on a Federal Land Bank mortgage, the expenses of administration, costs, and a balance on the fee of the attorney handling the estate.

At the close of the order we find the following paragraph:

"It is further ordered by the court that this is not a final distribution of the entire estate, as there is certain personal property and cash, which will not be distributed until at a later date, and until all taxes and expense of administration have been fully paid."

On March 17, 1945, there was filed a release of estate and inheritance tax lien by the Oklahoma Tax Commission and the Collector of Internal Revenue, acknowledging payment of taxes due the State of Oklahoma and the United States.

The final account above mentioned showed over $11,000 in cash on hand at that date, alleged that it was sufficient to pay the remaining debts due by the estate; but the evidence shows that it was later found to be necessary to sell a small tract of land devised to the three sons in order to meet all obligations existing when the partial order of distribution was entered on March 9, 1943.

The record fails to disclose any further report of receipts or disbursements, or any order approving them. There is no decree of final distribution and discharge of the executors and administrators and closing the estate. It is admitted that no further report or order was made after March 9, 1943,

and one of the executors testified that all debts had been paid after a small tract of land had been sold to provide sufficient funds to meet the last obligations of the estate, and that these obligations took "practically all" of the money on hand and acquired by the sale of the land, and that everything had been distributed according to the terms of the will.

On December 14, 1939, T. A. Brannan had executed a note for $9,000 to J. I. Staley of Wichita Falls, Texas, due three years from date or on December 14, 1942. J. I. Staley transferred this note to Optimo Investment Company, which was owned by his three sons, Joe H. Staley, J. I. Staley, Jr., and Jack C. Staley, all residents of Wichita Falls, Texas, where T. A. Brannan had lived prior to 1920.

J. I. Staley died March 12, 1941, and his sons in Texas had no notice of T. A. Brannan's death or the administration of his estate in Love county, Oklahoma, or of the notice to creditors, until about the middle of April, 1943, after the time to present claims had expired on October 27, 1942. On April 16, 1943, the Staleys appear to have sent the note mentioned to an attorney in Marietta, Oklahoma, for collection. The order for partial distribution of the Brannan estate had already been filed when the Staleys learned of the death of T. A. Brannan, and their attorney did not file their claim. It is claimed that he was awaiting the filing of a supplemental or final account before filing his claim. Such an account was never filed.

On July 8, 1946, the Staley claim was filed and disallowed. On September 10, 1946, the Staleys filed a suit in the district court of Love county to establish their claim. A demurrer was filed, but prior to hearing thereon the suit was dismissed without prejudice. On November 15, 1946, the Staleys again presented their claim and it was again disallowed.

On January 15, 1947, this action was commenced in the district court of Love

county: After a hearing before the court, judgment was entered for the defendants, and the Staleys have appealed. The parties will be referred to by name or as "plaintiffs" and "defendants", as they appeared in the trial court.

Plaintiffs submit that the court erred in rendering judgment for the defendants and that the judgment is not sustained by the law or by the evidence.

It is not disputed that the claim sued upon falls within the exception provided in §333, Title 58, O. S. 1951. It is there stated that claims must be presented within four months from the date of the first publication of notice to creditors to present claims, but that "* * * if it be made to appear by the affidavit of the claimant, to the satisfaction of the executor or administrator and the judge of the county court, that claimant had no notice, as provided in this Article, by reason of being out of the State, it may be presented at any time before a decree of distribution is entered * * *."

Such an affidavit was made and was not disputed. This presents the question of whether the claim of plaintiffs was presented "at any time before a decree of distribution was entered." Does the wording of this section mean a final decree of distribution, or does it mean an order of partial distribution such as the county court entered on March 9, 1943? We have pointed out that the order itself provides that "this is not a final distribution of the entire estate" and only distributed the real property belonging to the estate.

As heretofore pointed out, both state and Federal taxes were still unpaid; an amount was still due on a Federal Land Bank mortgage; and costs of administration and a balance on the attorney's fee were still unpaid on March 9, 1943, when the order of partial distribution was made. The amount of taxes due had not yet been determined. It is provided in 58 O. S. 1951 §635 that:

"Before any decree of distribution of an estate is made, the county court must be satisfied, by the oath of the executor or administrator, or otherwise, that all state, county, school and municipal taxes, legally levied upon personal property of the estate, have been fully paid."

In Van Hoozer v. Myers, 98 Okla. 243, 224 P. 977, it is stated in the fourth syllabus:

"Taxes due the United States, state, county, or city constitute a 'debt' against the estate of the decedent, which must be paid before it is subject to distribution to his heirs or devisees."

Since it was admitted that taxes had not been paid when the order of partial distribution was made, such order could not have been a final decree of distribution.

Sec. 631, Title 58, O. S. 1951, provides that upon final settlement of accounts, the court may distribute the residue of the estate, and that "a statement of any receipts and disbursements of the executor or administrator since the rendition of his final accounts must be reported and filed at the time of making such distribution, * * *." This clearly indicates that the order of March 9, 1943, was not and cannot be construed as a final decree of distribution, closing the estate.

We conclude that the language of the statute is plain and means that the order of partial distribution was not final in the sense that a nonresident was thereby barred from presenting his claim. The estate clearly was not settled, and the order clearly was not intended to be final. Debts remained to be determined and paid; some personal property was still on hand; and there was no semblance of a decree of final distribution or discharge of executors and administrator.

Defendants claim that the plaintiffs should be estopped from asserting their claim, because it is shown that they waited some three years after learning about the death of T. A. Brannan and

the administration of his estate before presenting their claim to the legal representatives. We cannot agree with this contention, because we think the plaintiffs were justified in failing to present their claim inasmuch as the condition of the record discloses that defendants had not filed a supplemental final account nor in any other manner effected a definite closing of the probate proceedings. The order of partial distribution declared upon its face that it was not final, and it was recited therein that further administration was necessary. Defendants complain that had plaintiffs presented their claim before taxes were paid, the amount of such claim, if paid, could have been deducted from the taxes due the State and Federal Governments. We think it may be presumed that if such claim were finally paid, credit therefor might be secured by a refund of taxes paid in excess of the amount that was rightfully due.

While the legal representatives in this case were acting without bond, they were still liable for any failure to administer the estate properly. The only reasonable explanation that occurs to us as to why the legal representatives did not file a supplemental account and secure an order thereon is that all of the estate was willed to members of decedent's own family, and after all claims presented had been paid there was no one to complain that any further probate proceedings should be had.

We cannot agree with the claim that plaintiffs are chargeable with constructive notice of the death of T. A. Brannan or of the administration of his estate. We think that only actual notice of such proceedings would bar such claim, and that, since they resided outside the state and established that they had no actual notice, they had a right to present their claim at any time before final distribution of the estate was made.

The judgment of the trial court is reversed, with instructions to enter judgment for the plaintiffs.

GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur. CORN, J., dissents.