Argued October 5, affirmed November 3, petition for rehearing denied December 7, 1965

## BEATTY *v.* CAKE ET AL
### 407 P. 2d 619

*William E. Love,* Portland, argued the cause for appellants. With him on the briefs were John R. Faust, Jr., and Cake, Jaureguy, Hardy, Buttler & McEwen, Portland.

*David P. Templeton,* Portland, argued the cause for respondents. With him on the brief were Verne Dusenbery and Dusenbery, Martin, Beatty & Parks, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin, Holman, Lusk and Schwab, Justices.

SLOAN, J.

When this case was here before (*Beatty v. Cake,* 1964, 236 Or 498, 387 P2d 355, 390 P2d 176) we held that there should be an apportionment of the amount of the federal estate taxes between these parties. The case was returned to the trial court to make the apportionment. Defendants appeal from the apportionment made by the trial court.

Defendants are the trustees of a trust estate created by a gift made by Nathaniel E. Berry during his lifetime. The value of the trust estate was added to the gross value of Mr. Berry's estate for federal estate tax purposes. We were told in the brief filed by plaintiff in the first appeal that "A portion of the property conveyed [by the gift] was included in [Berry's] gross estate for Federal estate tax purposes because of the reservation by the decedent of a life estate." And, after Mr. Berry's death it became necessary for the defendant trustees to pay a federal gift tax upon the value of the trust estate that passed to the trustees by the gift. The problem presented by the present appeal relates to the apportionment of the credit for the gift tax allowed by the trial court. The trial court included the amount of the gift tax as a deduction from the total tax paid by the estate. The effect of

the trial court's determination was to give defendants a credit of 52 percent of the amount of the gift tax paid. The property that had passed by the gift equaled 52 percent of the total gross estate. Defendants claim that since they had paid the full amount of the gift tax they were entitled to a 100 percent credit for the tax paid.

■ In the New York Surrogate Court, where this appears to be a more common problem, it has been held that the amount of a gift tax paid as a result of an inter vivos gift should be deducted from the total amount of the federal estate tax and, thereby, apportioned to all persons sharing in the estate. *In re Blumenthal's Estate,* 1944, 46 NYS2d 688, 692, affirmed 267 App Div 949, 47 NYS2d 652, 293 NY 707, 56 NE2d 588. The reason assigned by the New York court is that the inclusion of the value of the gift in the total gross value of the estate makes the estate taxable at a higher rate, and therefore, added to the amount of the tax. It is held that "Under these circumstances equity requires that the credits should redound to the entire group of parties charged with the burden of the tax and not confined to the donees only." *In re Blumenthal's Estate,* supra, and *In re Dommerich's Estate,* 1945, 74 NYS2d 283, 285. We agree.

Defendants also claim that the court erred in not considering certain affirmative defenses alleged in defendants' answer originally filed in the case. Because of the precise questions presented on the first appeal the issues now presented were not considered.

■ The effect of defendants' claim is that a son (who was granted a life estate in the inter vivos trust) and daughter of Mr. Berry, both of whom were residual beneficiaries of the estate, should also be re-

quired to contribute to the apportionment of the estate tax. These people are not parties to this proceeding and their rights, therefore, cannot be determined. We have found only one case that relates to this question, *In re Estate of Poe,* 1947, 356 Mo 276, 201 SW2d 441, in which it was held that one who wishes to apportion federal estate taxes must bring in all of the parties in interest. Defendants argue that because the plaintiff-administrator actually represents the two heirs it is not necessary that they appear personally. Other than by this assertion of defendants we do not know what rights or claims the affected parties may have. If defendants desired to assert claims adverse to the son and daughter, they should have joined the two as parties to the proceeding. *Beers v. Beers, Administratrix,* 1955, 204 Or 636, 283 P2d 666. They are entitled to notice and hearing. The trial court correctly refused to determine their rights.

Affirmed.