**In the Matter of the ESTATE OF Davis D. BOVAIRD, Deceased.**

**William J. BOVAIRD, Ruthanna Bovaird Snow, and Mary Florence Bovaird Stark, children, heirs, devisees, and residuary legatees of Davis D. Bovaird, Appellants,**

v.

**Florence H. BOVAIRD, widow of Davis D. Bovaird, Appellee.**

No. 55427.

Supreme Court of Oklahoma.

April 6, 1982.

---

Robert G. White, III of Boesche, McDermott & Eskridge, Tulsa, for appellants.

Philip S. Haney, Tulsa, for appellee.

DOOLIN, Justice:

The issue dispositive of this appeal is: May a surviving spouse who elects to take against the will of her husband, be required to contribute to the federal estate tax? We answer in the negative.

Davis Bovaird died in 1979, leaving his wife and three children. Declaring she had ample means in her own right, the decedent intentionally made no provision in his will for his wife except for certain specific devises and legacies regarding the homestead and personal possessions. Most of the balance of his estate went to the three children.

The widow renounced her testamentary share and filed an election to take against the will.[1] She then filed a declaratory judgment action asking that her forced share of the estate bear no liability for payment of the federal estate taxes. The Court granted such relief. The children appeal.

As part of his last will and testament, the decedent made the following provisions, which both parties cite as support:

## "ARTICLE I

### General Provisions

1. I direct that all my debts owing at law, including the expense of my last illness and funeral, the expense of administering my estate, all allowances for the support of dependents and all estate, inheritance and other succession taxes levied or assessed against my estate or the

---

1. 84 O.S.1971, § 44.

transfer thereof, including taxes levied or assessed on property passing otherwise than under the provisions of this, my Last Will and Testament, such as taxes assessed on property held in joint tenancy, *be paid by my Executor out of my estate and my Executor shall neither have nor claim any right of contribution for such taxes against any such surviving joint tenant, legatee, devisee or beneficiary of property passing otherwise than under the provisions of this my Last Will and Testament.*" (Emphasis added).

Children argue that provision, coupled with 84 O.S.1971, § 3,[2] order for payment of estate debts, mandate that apportionate contribution be ordered with each beneficiary of the estate contributing his/her pro rata share of the federal estate tax.

The widow cites the will as authority for paying the estate taxes out of the estate corpus after the widow's forced share has been deducted; she also urges us to adopt the doctrine of equitable apportionment.

■ In Oklahoma the cardinal rule for the construction of wills is to ascertain the intent of the testator and give effect thereto, unless such intent attempts to effect that which the law forbids. *In Re Fletcher's Estate*, 308 P.2d 304 (Okl.1957).

■ The ultimate placement of the federal estate tax liability is controlled by state law. Congress intended that the federal estate tax should be paid out of the estate as a whole and that the applicable state law as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal tax. *Riggs v. Del Drago*, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106 (1942).

Oklahoma statutes are void of direction in answering the question before us. 84

O.S.1971, § 3 creates the order in which a testator's property shall be taken for payment of debts. First in line is property designated by the will itself as specifically appropriated for payment of debts.

The trial court concluded the will was most explicit in directing that all estate taxes shall be paid out of the estate and no beneficiary of property passing "otherwise than under the provisions of" the will shall be required to contribute to such taxes. The court concluded the widow took her statutory share by action of state law and not from among provisions of the will, adding that the widow's share does not constitute estate residue, as defined by case law which characterize Oklahoma as a "burden-on-the-residue" state, citing *Thompson v. Wiseman*, infra, as authority. It then ruled the widow's share, to the extent it qualified for the federal estate tax marital deduction, shall not be charged with any payment of federal estate tax.

A federal court concluded that the widow's share has a priority, payable from the estate before specific, general and demonstrative bequests, and not from the residue. *Robertson v. United States*, 281 F.Supp. 955 (N.D.Ala.1968). Also see *Cox v. United States*, 421 F.2d 576 (5th Cir. 1970), for the proposition that a widow's forced share has a priority under Alabama law.

Children argue the widow's forced share should come from the residue, and thus be taxed with estate tax liability. However, their citations of authority are not on point. *Thompson v. Wiseman*, 233 F.2d 734 (10th Cir. 1956), concerned a marital bequest of one-third of the residue. *In Re Estate of Rettenmeyer*, 345 P.2d 872 (Okl.1959), involved no tax payment clause and followed *Thompson's* edict that the marital deduction

2. 84 O.S.1971, § 3: "Order of resort to property for payment of debts, administration expenses and allowances.—The property of a testator, except as otherwise especially provided in this code and in the chapter on civil procedure must be resorted to for the payment of debts in the following order:

    1. The property which is expressly appropriated by the will for the payment of the debts.

    2. Property not disposed of by the will.
    3. Property which is devised or bequeathed to a residuary legatee.
    4. Property which is not specifically devised or bequeathed, and,
    5. All other property ratably. Before any debts are paid, the expenses of the administration and the allowance to the family must be paid or provided for."

shall not be exempt from estate taxes. *Tapp v. Mitchell*, 352 P.2d 900 (Okl.1960), relieved a joint tenant taking outside the probate estate from payment of estate taxes, concluding that the estate tax burden falls on the residue. Children argue it is illogical that a one-third *bequest* of residue to a spouse (as in *Thompson*) would be treated any differently than a one-third *forced share* of an estate, but they cite no authority for that argument in logic.

■ For reasons cited herein, we prefer to come down on the side of the widow and hold that her forced share shall be treated preferentially and not be considered as part of the residue, and thus shall not be liable for payment of estate taxes.

Kansas found itself in a similar quandry: it had neither an apportionment statute nor case law to settle the question. In resolving the question, it relied heavily on *Pitts v. Hamrick*, 228 F.2d 486, 490 (4th Cir. 1955), and cited the following as authority:

"... Where the estate is to receive the benefit of the deduction of the widow's share from the gross estate in order that share may be relieved of the burden of the estate tax, as Congress intended, it would be unfair and unjust to require her share to bear any portion of that tax; and we find nothing in the law of South Carolina which requires such a result or which would prevent the court from applying equitable principles of apportionment to relieve the share of the widow of this unfair and unjust burden." See, *First National Bank of Topeka, Kansas v. United States*, 233 F.Supp. 19 (U.S.D.C., Kansas, 1964).

A Kansas case practically on "all fours" with the case at bar is *Spurrier v. First National Bank of Wichita*, 207 Kan. 406, 485 P.2d 209 (1971). There, the widow elected to take against the will and the executor attempted to charge her with proportionate payment of the estate tax. A declaratory judgment action was filed to resolve the dispute.

The Kansas Supreme Court found a number of states have specific statutes for the apportionment of the federal estate tax:

"Those statutes, in the main, were intended to prevent the burden of the federal estate taxes from falling on residuary legatees, and to cause each person who took from a decedent to pay that part of the tax which accrued by reason of the value of the property he took. In addition, most of those statutes, either expressly or as construed by the courts, provide that any deduction allowed the surviving spouse should inure to the benefit of each spouse, and thus, the surviving spouse pays no federal estate tax by reason of the fact he or she received a portion of decedent's estate in the form of a marital deduction." 485 P.2d at 212.

The Court also made the following assessments: (1) the burden of federal estate taxes falls on the residuary estate; (2) implicit in the decision is recognition of the principle that the marital deduction neither generates nor contributes anything to the tax liability of the estate; (3) the marital deduction is in fact an exclusion; it is not property subject to federal tax liability.

The Kansas Court concluded with the following syllabus as a rule of law:

"1. The statutory share distributable to the widow as a result of her election to take under the law and against the will of her deceased husband, to the extent that such share qualified for the marital deduction under the provisions of the internal Revenue Code, is not to be charged with or reduced by any part of the federal estate tax imposed on the husband's estate."

Other states have taken a similar view, that the elective share is not chargeable with estate tax to the extent it qualified for the marital deduction. See 67 A.L.R.3d 199, particularly § 3(c), and cases thereunder, such as *Seymour National Bank v. Heideman*, 133 Ind.App. 104, 178 N.E.2d 771 (1961); *Lincoln Bank & Trust Co. v. Huber*, 240 S.W.2d 89 (Ky.1951); *In Re Estate of Marans*, 143 Mont. 388, 390 P.2d 443; *Hammond v. Wheeler*, 347 S.W.2d 884 (Mo.1961); *Pitts v. Hamrick*, 228 F.2d 486 (4th Cir. 1955).

The *Pitts* court found:

"Where the estate is to receive the benefit of the deduction of the widow's share from the gross estate in order that that share may be relieved of the burden of the estate tax, as Congress intended, it would be unfair and unjust to require her share to bear any portion of that tax

. . . .

"It is inconceivable here that any part of the estate tax should be attributed to the share of the widow, where the purpose of Congress in allowing the marital deduction was to free the interest of the surviving spouse from the burden of that tax and where the estate receives the benefit of the deduction because of that interest."

*Hammond* said:

". . . [I]t seems to us to be inequitable and grossly unjust to require a surviving spouse to pay a portion of the federal estate tax on the deceased spouse's estate solely by reason of the fact that the surviving spouse received a statutory share of the estate which is not taxed and the receipt of which does not cause or contribute to cause any part of the tax . . . ."

*Lincoln Bank & Trust Co.* said:

"It appears to us that the apparent purpose behind the enactment of the United States Code above was to equalize the estate tax in non-community property states, with that of community property states, and to prepare the way for elimination from the tax burden all those whose legacies or allotments do not create or add to the tax.

". . . [W]e conclude that if the marital allotment is a deductible item before arriving at the net taxable estate, and since that item does not add to the tax, it can not be burdened with any portion of the federal estate tax. The surviving spouse, therefore, should receive her share undiminished by any federal estate tax."

*Seymour National Bank* based its decision on another case which said logic, justice and equity required that the beneficiaries pay the tax assessed upon and attributable to the property each received. The *Seymour* court went one more step forward in saying:

"The logic, justice and equity arises solely from the fact that the property received by the beneficiary caused or gave rise to that tax. The cases were all decided prior to the marital deduction. The logic, justice and equity is greatly strengthened by Congress enacting into law the marital deduction for a specific purpose, and when every dollar of that property is deducted and excluded from the net taxable estate and upon which no federal tax is imposed. If it is logic, justice and equity to say a beneficiary should pay the tax proportionate to the taxable property received by him, then it follows that if the widow receives no taxable property there is no federal estate tax created by that property and she should pay no federal estate tax on property passing to her and qualifying for the marital deduction."

■ We agree with the "logic, justice and equity" of the above cases and hold that to the extent a spouse's property qualifies as a marital deduction, she will not be required to contribute to the federal estate tax.

■ We approached the issue of equitable apportionment in the recent case of *In Re: Leland Davidson Trust, First National Bank in Bartlesville v. Faulkner, et al.*, 641 P.2d 1110 (Okl.1982), a unanimous decision. There, two charities were beneficiaries of an intervivos trust and the executrix sought to have the charities bear their proportionate share of the federal estate taxes. We cited the Missouri case of *In Re: Estate of Wahlin*, 505 S.W.2d 99 (1973), for the proposition that "the burden of federal estate tax (falls) on the property which generates the tax, and exonerates therefrom property which does not," and held that as the charities did not contribute to the estate tax liability, they were exempt from contributing to the tax bill.

The time has come to join the modern trend of thought on this issue.[3] We apply principles of equitable apportionment, and overrule those portions of *Rettenmeyer* that conflict herewith.

AFFIRMED.

IRWIN, C. J., BARNES, V. C. J., and HODGES, SIMMS, HARGRAVE, OPALA and WILSON, JJ., concur.

LAVENDER, J., concurs in result.

**3.** "Surviving Spouse Taking Elective Share as Chargeable With Estate or Inheritance Tax," 67 A.L.R.3d 199; "Construction and Application of Statutes Apportioning or Prorating Estate Taxes," 71 A.L.R.3d 247. Cameron, "Estate and Gift Tax: Federal Estate Tax Burden of a Marital Share," 33 Okla.Law Rev. 384 (1980).