In the Matter of the ESTATE OF William C. HARDESTY, Deceased.

Nita Fay VOIGT and Anna Jenell Campbell, Executrices of the Estate of William C. Hardesty, and Georgia Lee Sewell, now Arterberry, Anna J. Campbell, Mary Ann Osborn, Nita Fay Voigt, May Belle Barrett and Billie June Long, Children, Heirs, Devisees and Legatees of William C. Hardesty, Appellants,

v.

Thelma L. HARDESTY, now Davis Widow of William C. Hardesty, Deceased, Appellee.

No. 62964.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 24, 1985.

Released for Publication by Order of Court of Appeals Oct. 25, 1985.

Appeal from the District Court of Grady County; James R. Winchester, Judge.

Robert J. Hays, Chickasha, Thornton Wright, Jr., Oklahoma City, for appellants.

James R. Stout, Yukon, for appellee.

ROBINSON, Presiding Judge:

William C. Hardesty died testate on November 2, 1982, being survived by six daughters of a prior marriage, Nita Faye Voigt, Anna Jenell Campbell, Georgia Lee Arterberry, Mary Ann Osborn, May Belle Barrett and Billie June Long (Appellants) as well as his spouse Thelma L. Hardesty, now Davis, (Appellee). Decedent's will was admitted to probate in the District Court of Grady County, Oklahoma and Nita Fay Voight and Anna Jennell Campbell were appointed co-personal representatives. In 1980 and 1982 the decedent conveyed by gift remainder interests in certain real estate in Grady County to Appellants reserving a life estate. Federal gift tax returns were not filed nor taxes paid on said gifts by decedent prior to his death. On January 11, 1983 Appellee filed her Election To Take Against the Will pursuant to 84 O.S. 1981 § 43, and on March 21, 1983 Appellee filed her petition for declaratory judgment in the estate proceedings requesting that her "forced heir interest" in the estate properties be absolved from Federal and Oklahoma estate tax liability. Subsequently the co-executrixes filed state and federal estate tax returns and paid all the transfer tax liabilities from the assets of the estate totalling approximately $1,673,434.00 (federal gift taxes = $507,380.00; estate taxes Oklahoma = $257,776.00; estate taxes federal = $908,278.00). The estate property appraised at $2,356,353.57; the life estate property appraised at $2,235,349.79; and the joint tenancy property with Appellee appraised at $1,119,195.63.

Appellants filed their answer to Appellees' declaratory judgment suit and thereafter the matter was submitted on Motion for Summary Judgment and briefs. The issue of who should bear the burden and pay the federal gift taxes was also presented and ruled upon by the trial court. The trial court sustained Appellee's Motion for Summary Judgment and found:

1. That there is no substantial controversy as to any fact between the parties and that the only issue to be determined by the Court are questions of law.

2. That the questions of law to be decided are who should bear the burden of paying the Federal and Oklahoma Estate and Gift Taxes.

3. That the widow's (Thelma L. Hardesty) property passed to her free of Estate Taxes and therefore generated no Estate Tax liability to the Estate.

4. That all Estate Taxes were generated by properties passing to the Decedent's (William C. Hardesty) children, the Defendants herein, and the Estate is liable therefore.

5. That in light of *Bovaird v. Bovaird,* 645 P.2d 500 (Okl.1982), and cases cited therein, equitable apportionment dictates that the burden of paying the Estate Taxes falls on those receiving the property generating the tax liability.

6. That all Gift Taxes were generated by properties passing to the Decedent's Children, and they are liable therefore.

7. That the Gift Taxes paid by the Co-Executrixes were not a debt of the Dece-

dent at the time of his death or a debt of the Estate.

8. That the Defendants should be responsible for reimbursing the Estate and Gift Taxes expended from the Estate.

.     .     .     .     .

The Appellants appealed the trial court's decision concerning the obligation of payment of the federal estate and gift taxes and the Oklahoma estate tax. Appellee filed a Counter-Petition In Error concerning whether the trial court erred in failing to direct payment of all sums into the estate or in the alternative set a supersedeas bond and also erred in failing to award interest on the sums owed by the Appellants. Appellee however has not briefed her propositions of error and therefore we will not review said errors as we deem them abandoned and waived. *Sooner Drainboard Co. v. Deaton*, 512 P.2d 1185 (Okl.1973).

■ We will first address the question of whether the surviving spouse's distributive share is burdened with estate tax liability. 26 U.S.C. § 2056(a) (IRC 1976) provides:

(a) *Allowance of marital deduction* —For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsection (b), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

The Supreme Court in *Bovaird v. Bovaird*, 645 P.2d 500, 503 (Okl.1982) states:

For reasons cited herein, we prefer to come down on the side of the widow and hold that her forced share shall be treated preferentially and not be considered as part of the residue, and thus shall not be liable for payment of estate taxes.

Kansas found itself in a similar quandry: it had neither an apportionment statute nor case law to settle the question. In resolving the question, it relied heavily on *Pitts v. Hamrick*, 228 F.2d 486, 490 (4th Cir.1955), and cited the following as authority:

"... Where the estate is to receive the benefit of the deduction of the widow's share from the gross estate in order that share may be relieved of the burden of the estate tax, as Congress intended, it would be unfair and unjust to require her share to bear any portion of that tax; and we find nothing in the law of South Carolina which requires such a result or which would prevent the court from applying equitable principles of apportionment to relieve the share of the widow of this unfair and unjust burden." See, *First National Bank of Topeka, Kansas v. United States*, 233 F.Supp. 19 (U.S. D.C., Kansas, 1964).

The *Bovaird* Court went on to say that "logic, justice and equity" required that beneficiaries pay the tax assessed upon and attributable to the property each received and the spouse's share which qualifies as a marital deduction would not be required to contribute to the federal estate tax. The Court further stated:

The time has come to join the modern trend of thought on this issue. We apply principles of equitable apportionment, and overrule those portions of [In Re Estate of] *Rettenmeyer* [345 P.2d 872 (Okl.1959)] that conflict herewith.

*Bovaird* at 505.

The case of *In Re: Leland Davidson Trust, First National Bank in Bartlesville v. Faulkner et al.*, 641 P.2d 1110 (Okl.1982) also addressed the issue of equitable apportionment. In *Leland* two charities were beneficiaries of an inter vivos trust and the executrix sought to have said charities bear their proportionate share of the federal estate taxes. A Missouri case of *In Re: Estate of Wahlin*, 505 S.W.2d 99 (Mo.App.1973) was cited by the Court for the proposition that the federal estate tax burden should fall on the property which generates the tax and property which does not generate tax should be exonerated. The Missouri Court held that as the charities did not contribute to the es-

tate tax liability they were exempt from contribution to the tax obligation.

The Appellant seeks to distinguish *Bovaird* upon the grounds that the factual situation there is different than the one presented in this case. In *Bovaird* there was certain language contained in the will indicating that property passing other than under the will would not be liable for tax contribution.

We are unable, however, to distinguish *Bovaird* from the present case as the decision in *Bovaird* was not predicated upon the language of the will but was an announced alteration of existing law that the principles of equitable apportionment would in the future be applied. Further the recent case of *Lomon v. Citizens National Bank & Trust*, 689 P.2d 306, 311 (Okl.1984) states:

> In addition, *In The Matter of the Estate of Bovaird*, we expressly adopted the judicial doctrine of equitable apportionment which states that "the burden of federal estate tax (falls) on the property which generates the tax, and exonerates therefrom property which does not absent a "clearly expressed intention" to the contrary on the part of the testator.

Thus *Lomon* reaffirms the decision of *Bovaird* and we are powerless to ignore the clear language of said cases. We therefore hold that the trial court's sustention of Appellee's Motion for Summary Judgment on the grounds that the surviving spouse's distributive share is not subject to federal and Oklahoma estate tax liability was not error.

■ We next address the question of whether unpaid gift taxes resulting from conveyances of land made by the decedent prior to his death are debts of the estate and subject to payment from the estate assets with Appellant bearing a proportionate share thereof. *Wood v. Harris*, 201 Okl. 201, 203 P.2d 710, 712 (1949) states:

> "A gift is commonly defined as a voluntary transfer of property by one to another without consideration or compensa-

tion therefore. 38 C.J.S., Gifts, § 1, p. 779."

26 U.S.C. § 2501(a)(1) states:

> "A tax, computed as provided in § 2502, is hereby imposed for each calendar year on the transfer of property by gift during such calendar year by any individual, resident or nonresident."

26 U.S.C. § 2502(c) (IRC 1976) states:

> "The tax imposed by § 2501 shall be paid by the donor."

The tax rule and regulation which interprets this § 2502(d) is § 25.2502–2 which states:

> "§ 2502(d) provides that the donor shall pay the tax. If the donor dies before the tax is paid the amount of the tax is a debt due the United States from the decedent's estate and its executor or administrator is responsible for its payment out of the estate.

. . . . .

As to the personal liability of the executor or administrator see § 3467 of the Revised Statutes (31 U.S.C. 192) which reads as follows:

> Every executor, administrator or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid.

> As used in such § 3467, the word "debt" includes a beneficiary's distributive share of an estate thus as an executor pays a debt due by the estate which is being administered by him or distributes any portion of the estate before there is paid all the gift tax which he has a duty to pay, the executor is personally liable, to the extent of the payment or distribution, for so much of the gift tax as remains due and unpaid.

The Supreme Court on two occasions has stated in cases with facts dissimilar to ours that taxes due the United States or a lesser governmental body constitute a "debt" against the estate of the decedent and this debt must be paid before the estate is subject to distribution. *Van Hoozer v. Myers*, 98 Okl. 243, 224 P. 977 (1924) and quoted in *Staley v. Brannan*, 206 Okl. 292, 243 P.2d 346 (1952).

Further 68 O.S. 1981 § 808 in part provides:

For the purpose of determining the net estate in transfers there shall be deducted from the value of the gross estate, as provided in Section 807 ..., the following amounts and no others:

(a) All debts of the decedent, taxes on real property within this state which are a lien at the date of the decedent's death and taxes on the personal property which were a personal obligation of the decedent during his lifetime or a lien upon such personal property at the date of death.

(b) State and federal income taxes on the income of the decedent to the date of death and unpaid federal gift taxes on gifts made by the decedent.

Also 58 O.S. 1981 § 591 provides:

The debts of the estate must be paid in the following order:

1. Funeral expenses.

2. The expenses of the last sickness.

3. Funds necessary for the support of the family and allowed by the court pursuant to the provisions of this chapter.

4. Taxes to the United States of the State, County, or City.

5. Debts having preference under the laws of the United States and of this state.

. . . . .

Appellee argues that 26 U.S.C. § 2036(a) directs that all property in which a life estate is retained must be brought back into the estate for tax purposes and thus the gift tax paid by the estate should be treated as an installment on the estate tax citing *McGill v. Oklahoma Tax Commission*, 258 P.2d 1180 (Okl.1953). While it is true that the gross estate must include the value of all property to which the decedent had an interest at the time of his death such as a life estate, it is also true that all gifts made within 3 years regardless of whether they are remainder interests must be shown on the federal estate tax return with credit extended for gift taxes paid on said gifts pursuant to 26 U.S.C. § 2012.

Further, we do not believe that the *McGill* case cited by Appellee stands for the proposition that gift taxes are an installment on estate taxes. *McGill* involved a refund of an overpayment of the estate taxes and also involved a "gift in contemplation of death" which is not present in the case before us. The facts presented in the present case reveal a gift made by a father to his six daughters thereby creating a gift tax debt to the United States with the obligation of paying said federal gift taxes placed on the father and secondly on his estate. We therefore hold that unpaid gift taxes resulting from conveyances of land made by the decedent prior to his death are debts of the estate and subject to payment from estate assets proportionately reducing the amount distributed to Appellee and Appellants. The amount of the gift tax paid should then be deducted from the total amount of the federal estate tax and thereby apportioned to all persons sharing in the estate and charged with the burden of the tax. *Beatty v. Cake*, 242 Or. 128, 407 P.2d 619 (1965). The trial court therefore erred in finding that the taxes paid by the co-executrixes were not a debt of the decedent at the time of his death nor a debt of his estate but that Appellants were liable therefore as said gift taxes were generated by properties passing to Appellants.

AFFIRMED IN PART AND REVERSED IN PART.

REYNOLDS, J., concurs.