In the Matter of the ESTATE OF Mabel Clare DOAN, Deceased.

The YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER TULSA, a corporation, Appellant,

v.

The FIRST NATIONAL BANK AND TRUST COMPANY OF TULSA, Executor of the Estate of Mabel Clare Doan, Deceased; the First National Bank and Trust Company of Tulsa, Oklahoma, as Trustee of the Meredith Sonny Gray Trust; the First National Bank and Trust Company of Tulsa, Oklahoma, as Trustee of the Tulsa Foundation, Appellees.

No. 61183.

Supreme Court of Oklahoma.

April 22, 1986.

As Corrected April 24, 1986.

Houston & Klein, Inc. by James R. Eagleton, E. John Eagleton, and Marc F. Conley, Tulsa, for appellant.

Jones, Givens, Gotcher, Doyle & Bogan, Inc. by James E. Bishop, and Graydon Dean Luthey, Jr., Tulsa, for appellee First Nat. Bank and Trust Co. of Tulsa, Executor of the Estate of Mabel Clare Doan, Deceased.

Conner, Winters, Ballaine, Barry & McGowen by John S. Athens, J. Denny Moffett, and Holley Nielson Keaton, Tulsa, for appellee First Nat. Bank and Trust Co. of Tulsa, Okl., as Trustee of the Meredith Sonny Gray Trust.

Conner, Winters, Ballaine, Barry & McGowen by Henry G. Will, Tulsa, for appellee First Nat. Bank and Trust Co. of Tulsa, Okl., as Trustee of the Tulsa Foundation.

HODGES, Justice.

This is an appeal from a judgment holding the doctrine of equitable apportionment of estate taxes does not apply to charitable bequests in the will of Mabel Clare Doan where there is clear and unambiguous language disclosing testatrix' intent to preclude its application.

The two issues dispositive on appeal are: (1) whether an income beneficiary of a bequest to a community trust has standing to bring an action on the construction of the will, and (2) whether the express language of testatrix' will showed a clear and unambiguous intent to preclude application of the judicial doctrine of equitable apportionment.

Mabel Clare Doan died testate February 2, 1982. Her will, executed August 16, 1974, after making various specific bequests, provided for the residuary estate to be divided proportionately: one-fourth each to The Meredith Sonny Gray Trust and to her lifelong friend and attorney, A.E. Montgomery; and one-half to the Tulsa Foundation (Foundation) with the express terms "it is my wish but not my direction that all net income be distributed annually in equal shares to the Salvation Army, the Young Men's Christian Association, Tulsa Boy's Home and Goodwill Industries which are located in Tulsa, Oklahoma." Montgomery died while the Doan will was in probate and the executor of his estate disclaimed Montgomery's interest in the Doan estate. Under the provisions of the Doan will, Montgomery's interest if disclaimed would be added to the amount given to the Foundation for the four named charities—increasing their share to three-fourths of the residuary estate.

The executor paid the estate taxes along with the debts, funeral expenses and administrative costs out of the residue before dividing the residuary assets into proportional shares for distribution. The Young Men's Christian Association of Greater Tulsa (YMCA or appellant) filed a petition for declaratory judgment asking the court to invoke its equitable powers by holding no estate tax should be paid by assets passing to the Foundation in trust for the four named charities.[1]

Trustees of the Foundation and The Meredith Sonny Gray Trust and the executor of the Doan estate (appellees) filed demurrers asserting the YMCA lacked standing to bring suit for the construction of the will.

The trial court overruled the demurrers and held the will incorporated the Foundation trust agreement by reference. The trust agreement requires the Foundation to distribute income in accordance with the directions and wishes of the donor. It also contains a provision which allows restricted gifts to make up no more than one-half of the total trust assets.[2] Because the charities were directed beneficiaries, the trial court ruled YMCA had standing to bring its action on the construction of the will.

---

1. We do not pass on the correctness of the procedure to litigating the issues under consideration because none of the parties interpose an objection.

2. The Foundation at the time of the Doan devise had total trust assets of $1,162,200. As a result of the Doan devise, between $4,200,000 and $5,100,000 would be added to the trust assets determined by whether the tax liability would be borne solely by the Meredith Sonny Gray Trust or from the residuary assets before distribution. In either case, the amount would be violative of the restriction that no more than 50% of the trust assets could be directed.

■ Standing, as a jurisdictional question, may be correctly raised at any level of the judicial process or by the Court on its own motion.[3] This Court has consistently held that standing to raise issues in a proceeding must be predicated on interest that is "direct, immediate and substantial."[4] Standing determines whether the person is the proper party to request adjudication of a certain issue and does not decide the issue itself. The key element is whether the party whose standing is challenged has sufficient interest or stake in the outcome.[5]

The will devised one-half of the residuary estate (increased to three-fourths by the disclaimer of the Montgomery interest) to the Foundation to be administered under the terms of the Foundation trust agreement with the express wish that all the net income be distributed to the four named charities. It further directed the income be distributed to the Tulsa offices of the named organizations to be used in the Tulsa community. In the subsequent paragraph the will provides if the value of one-half of the residuary estate was less than $50,000, that amount was to be divided among the named charities equally.

The trust agreement for the Foundation in Section 3(a) stipulates the net income distributed is "subject always to the express desires or wishes of any donor."

■ Under the terms of the will and its incorporation by reference of the trust agreement for the Foundation, YMCA has a substantial vested interest as an income beneficiary. There is no doubt these chari-ties were the intended beneficiaries of Doan's largesse. As such, YMCA has standing to challenge the construction of the Doan will.

The second issue is whether the express language of the will demonstrates a clear intent to negate the equitable apportionment doctrine. The trial court, upon reviewing the briefs, hearing oral arguments for summary judgment and examining the will, found there was no ambiguity in the will, the language was clear and concise and the intention of the testatrix was clearly stated. Based on these findings, the trial court determined the doctrine of equitable apportionment does not apply when there is a contrary expression of intention in the will.

In Oklahoma, the well-established rule governing the construction of wills is to ascertain and give effect to the intent of the testator, either to the full extent or as far as possible.[6] "This intent is to be derived from the language of the will, and considering the instrument as a whole, and the different provisions in relation to one another."[7]

This Court, relying on *Riggs v. Del Drago*, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106 (1942), has held the ultimate placement of the federal estate tax liability is controlled by state law. *In re Davidson*, 641 P.2d 1110, 1112 (Okla.1982); *Matter of Estate of Bovaird, supra.* Oklahoma, following the modern trend, adopted the doctrine of equitable apportionment.[8] This Court in

---

**3.** *Tenneco Oil Co. v. El Paso Natural Gas,* 687 P.2d 1049, 1052 (Okla.1984); *Woods Petroleum Corp. v. Sledge,* 632 P.2d 393, 394 (Okla.1981); *Durham v. Sharum,* 203 Okl. 426, 222 P.2d 1029, 1031 (1950); *Wright v. Kemper,* 137 Okl. 259, 279 P. 346, 349 (1929).

**4.** *Democratic Party of Oklahoma v. Estep,* 652 P.2d 271, 274 (Okla.1982); *Underside v. Lathrop,* 645 P.2d 514, 517 (Okla.1982).

**5.** *Flast v. Cohen,* 392 U.S. 83, 100, 88 S.Ct. 1942, 1953, 20 L.Ed.2d 947, 961 (1968); *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663, 678 (1962); *Estep, supra,; State ex rel. Cartwright v. Okl. Tax Com'n,* 653 P.2d 1230, 1232 (Okla.1982); *Independent School Dist. No. 9 v. Glass,* 639 P.2d 1233 (Okla.1982).

**6.** 84 O.S.1981 § 151; *Lomon v. Citizens Nat. Bank & Trust,* 689 P.2d 306, 308 (Okla.1984); *Estate of Smith v. Williams,* 674 P.2d 17, 19 (Okla.1983); *Matter of Estate of Bovaird,* 645 P.2d 500, 502 (Okla.1982); *In re Fletcher's Estate,* 308 P.2d 304, 313 (Okla.1957).

**7.** *In re Fletcher's Estate,* 308 P.2d at 313 (citing *In re Everhart's Estate,* 208 Okl. 101, 253 P.2d 174 (1953)). *See also* 84 O.S.1981 § 152.

**8.** *Loman v. Citizens Nat. Bank & Trust, supra; In re Davidson, supra; Matter of Estate of Bovaird, supra; Matter of Estate of Hardesty,* 708 P.2d 596 (Okla.Ct.App.1985).

*Davidson* and *Bovaird* quoted with approval from the Missouri case of *In re Estate of Wahlin,* 505 S.W.2d 99 (Mo.App.1973): "Absent statutory direction or an expression of intent on the part of the testator to the contrary, broad equitable principles place the burden of federal estate tax on the property which generates the tax, and exonerates therefrom property which does not."

The pertinent provision of testatrix' will set forth in Article I, paragraph 1, states:

"1. I hereby direct that all my just debts, including the expenses of my last illness and funeral, the expense of the administration of my estate and all estate, inheritance, succession and transfer taxes imposed by law with respect to all property taxable by reason of my death whether or not such property passes under this Will shall be paid out of the residue of my probate estate without reimbursement from any person."

YMCA argues the tax clause conveys no express statement by testatrix negating apportionment and the doctrine of equitable apportionment applies—exonerating it from any estate tax liability because of its exempt status. Appellees, on the other hand, assert the language of the will clearly mandates the estate tax liability be borne by the residuary estate. In agreement with appellees, the trial court found the language of the will showed testatrix had the requisite contrary intent which negates equitable apportionment.

Actions concerning will construction are equitable in nature and on appeal this Court will examine the whole record and weigh the evidence, but the findings and judgment of the trial court will not be disturbed unless clearly against the weight of the evidence.[9]

The doctrine of equitable apportionment is not an immutable rule of law. It is to be applied in furtherance of the testator's intent as expressed in the will. It is not to frustrate the testator's intent.

Here, testatrix directed "all estate, inheritance, succession and transfer taxes imposed by law with respect to all property taxable by reason of my death ... shall be paid out of the residue of my probate estate...." That the testatrix can express the intention to direct payment of estate taxes from the residuary before distribution is the precise exception included as part of the definition of equitable apportionment. There are no ambiguities or uncertainties in the will. Testatrix' intention is clear. Her will in concise terms expresses her intention that the residue of her estate bear the estate tax liability before any distribution is made. To hold otherwise would be to reconstruct the Doan will.

Furthermore, without receding from the above we would point out the *Davidson* and *Bovaird* cases are prospective in their application. In the present case, textatrix' death on February 2, 1982, preceded the adoption of those cases.

The decision of the trial court is AFFIRMED.

All the Justices concur.

---

**9.** *Estate of Smith v. Williams,* 674 P.2d 17, 19 (Okla.1983); *Matter of Estate of Bogan,* 541 P.2d 854, 857 (Okla.1975).