ESTATE OF Joseph LeDONNE, Jr., Deceased, Appellee,

and

Rose Vivello, Ruth DeGregorio, Michael LeDonne, Louis Cirucci, Jr., Estee Giacobbe, Ralph Rivello, Additional Appellees,

v.

Kimberly Jo STEARMAN and Kathryn Kay Carey (nee Stearman) Appellants.

No. 63530.

Supreme Court of Oklahoma.

Dec. 9, 1986.

---

10. *Hames v. Anderson,* 571 P.2d 831 (Okl.1977).

11. *Horst v. Sirloin Stockade, Inc.,* 666 P.2d 1285 (Okl.1983).

Blackstock, Joyce Pollard & Montgomery by Philip S. Haney, Jeanne E. Dassel, Tulsa, for appellants.

James R. Eagleton, Marc F. Conley, Houston & Klein, Inc., Tulsa, for appellee.

KAUGER, Justice.

■ The issue presented is whether the Oklahoma Tax Code, 68 O.S.1981 § 825,[1] requires surviving joint tenants who receive assets which are not part of the probate estate, and who are beneficiaries of life insurance policies, to pay a proportionate share of federal and state tax if there are sufficient assets in the probate estate to pay all debts of the decedent, costs of administration, and estate taxes. The appellants, who are unrelated by blood to the decedent, contend that § 825 is inapplicable because they are neither lineal nor collateral heirs of the decedent and are recipients of non-probate property. We find that because the Oklahoma statute employs the word "persons" instead of the term "heirs", and that because the non-probate property generates estate tax liability even though it is not a part of the probate estate, the beneficiaries must bear their proportionate share of the estate tax assessment.

Joseph LeDonne, Jr., a single man, died intestate on December 18, 1982, leaving neither a surviving spouse nor issue. His taxable estate included non-probate property which generated 60% of the federal tax on the estate consisting of insurance proceeds, certificates of deposit, and Keough benefits which were purchased solely with

---

1. The table for computing estate tax, 68 O.S. 1981 § 825, provides in pertinent part:
"... Unless the will otherwise provides, the tax shall be apportioned among *lineal* and *collateral* persons.
The tax on interests passing to collateral persons shall be apportioned in the proportion that the value of interest received by each collateral person bears to the total of the interests passing to all collateral persons.
The tax on interests passing to lineal persons shall be apportioned in the proportion that the value of interest received by each lineal person bears to the total of all interests passing to lineal persons.
The value used in determining the tax shall be used for that purpose."

the decedent's funds and which remained in a safety deposit box under his exclusive control until his death. The appellants, Kathryn and Kimberly Stearman, (Stearmans) who are unrelated to the decedent, received all the non-probate estate either as joint tenants or as beneficiaries under an insurance policy. The remaining probate assets passed by intestate succession to the appellees, LeDonne's collateral heirs, Rose Vivello, Ruth DeGregorio, Michael LeDonne, Louis Cirucci, Jr., Estee Giacobbe and Ralph Rivello.

Pursuant to 12 O.S.1981 § 1651 et seq. the administrator of LeDonne's estate filed a petition for declaratory judgment in the district court seeking a determination of estate tax liability. The trial court granted summary judgment finding that the Stearmans, the non-familial beneficiaries, were liable for 60% of the tax, and ordered the parties to negotiate the actual amounts due. On December 10, 1984, the parties agreed on the amounts and the trial court signed the journal entry. Subsequently, the Stearmans lodged an appeal.

## I

### THE APPEAL WAS TIMELY

The administrator contends that the December 21, 1984, appeal is untimely, and that it should be dismissed because a final order in the case was entered on November 20, 1984. The Stearmans counter with the argument that a final order was not entered until December 10, 1984, the date that specific terms of tax liability was determined and imposed. After this Court ordered the Stearmans to show cause why the appeal should not be dismissed, the trial court in a nunc pro tunc proceeding corrected the November 20, 1984, journal entry to reflect the final judgment date as December 10, 1984.

Pursuant to 58 O.S.1981 § 721, an appeal may be taken from refusing or allowing the release of estate tax liability,[2] and an appeal from the final accounting in a decree of distribution is a final appealable order.[3] The appeal was timely filed on December 21, 1984, because the refusal or the allowance of the release of estate tax liability was not finally determined until the actual amount of tax liability was settled, December 10, 1984.[4]

## II

### UNDER THE EQUITABLE APPORTIONMENT THEORY TAX GENERATING PROPERTY IS SUBJECT TO TAXATION

The question of ultimate responsibility for payment of federal and state estate tax is determined by state law.[5] Traditionally, taxes have been imposed based on two formulas: 1) the burden on the residue rule, and 2) the equitable apportionment rule.

The Stearmans argue that estate taxes must be paid from the residue of the estate—a burden on the residue—even though in recent years this Court has consistently equitably apportioned estate tax pursuant to 68 O.S.1981 § 825.[6] However, the Stearmans assert that *In the Matter of the Estate of Doan*, 727 P.2d 574 (Okla.

---

**2.** Appealable judgments, 58 O.S.1981 § 721, provides in pertinent part:

"An appeal may be taken from the following judgments or orders of the district court ... 8. Refusing or allowing the release of estate tax liability ..."

**3.** *In Re Estate of Caldwell,* 692 P.2d 1380–81 (Okla.1984). See also Hargrave, "Brief Observation on Appealable Orders", 53 OBJ 1015, 1021 (1982).

**4.** *Anderson v. Falcon Drilling Co.,* 695 P.2d 521, 523 (Okla.1985); *Mann v. State Farm Mut. Auto. Ins. Co.,* 669 P.2d 768, 772 (Okla.1983).

**5.** *Riggs v. Del Drago,* 317 U.S. 95, 98, 63 S.Ct. 109–10, 87 L.Ed. 106 (1942). See also *Matter of Estate of Bovaird,* 645 P.2d 500, 502 (Okla.1982).

**6.** *In the Matter of the Estate of Doan,* 727 P.2d 574 (Okla.1986); *Lomon v. Citizens Nat. Bank & Trust,* 689 P.2d 306, 311 (Okla.1984); *Matter of Estate of Bovaird,* 645 P.2d 500, 504 (Okla.1982); *In re Davidson,* 641 P.2d 1110, 1113 (Okla.1982). See also 68 O.S. § 825, note 1 supra.

1986); *Lomon v. Citizens Nat. Bank & Trust,* 689 P.2d 306, 311 (Okla.1984); *Matter of Estate of Bovaird,* 645 P.2d 500, 504 (Okla.1982); and *In re Davidson,* 641 P.2d 1110, 1113 (Okla.1982), are narrow exceptions to the burden on the residue rule and, therefore, inapplicable here. The Stearmans, relying on *Tapp v. Mitchell,* 352 P.2d 900 (Okla.1960), allege that under the laws of intestate succession they are not required as surviving joint tenants of non-probate assets to pay any estate taxes. Indeed, in *Tapp,* the Court held that a joint tenant was not subject to payment of the portion of the estate tax generated by the jointly held assets. However, the *Tapp* Court applying the burden on the residue theory, specifically noted that Oklahoma did not follow the equitable doctrine of estate tax apportionment.

■ Naturally enough, the collateral heirs urge us to apply the doctrine of equitable apportionment. Under the doctrine of equitable apportionment, the taxable estate includes not only real and personal property passing under a will or by the laws of descent and distribution, but many non-probate assets including: gifts made in contemplation of death, inter vivos trusts intended to take effect in possession or enjoyment at or after death; living trusts subject to revocation, life insurance proceeds, and joint tenancy property, which may include stocks, bonds, bank accounts, and powers of appointment.[7] Non-probate assets and specific devises and bequests are included within the residuary estate to compute the amount of tax due.

The doctrine of equitable approportionment became firmly entrenched in Oklahoma with the promulgation[8] of *In re Davidson,* 641 P.2d 1110, 1114 (Okla.1982).

We held that in the absence of a contrary expression of testamentary intent, equitable principles impose the payment of estate tax on the property generating the tax exonerating property which does not incur federal or state estate tax liability.[9] There have been four legislative sessions since *Davidson* was adopted. Because the presumption is that the legislature is aware of this Court's interpretation of § 825, and because the statute has not been changed, it must be assumed that the legislature has ratified and approved the Court's construction.[10]

The rationale for application of equitable apportionment can be clearly illustrated here. If the residuary estate were impressed with the sole burden of taxation, the residuary estate could be exhausted. Here, the residuary assets total $117,352.00 with a tax assessment of $102,671.00. If the residuary estate were required to pay all the estate taxes, the lineal heirs would divide $14,681.00 and the non-related beneficiaries would receive $260,931.00 tax free. It is only logical that all beneficiaries receiving estate assets which create estate tax liabilities bear their relative share of the tax.[11]

### III

#### TITLE 68 O.S.1981 § 825 REQUIRES APPORTIONMENT OF ESTATE TAXES BETWEEN ALL BENEFICIARIES RECEIVING TAX GENERATING ASSETS

■ The Stearmans, while conceding arguendo that § 825 may be applicable, still contend that the statute requires apportionment between collateral and lineal heirs, and that because they are unrelated by

---

**7.** See 26 U.S.C. (1954) §§ 2031–2044. Although some of these sections have been amended the references in the text are still true.

**8.** *Lomon v. Citizens Nat. Bank & Trust,* supra, see note 6; *Matter of Estate of Bovaird,* supra, see note 6; *In Re Davidson,* supra, see note 6.

**9.** Annot., "Ultimate Burden of Estate Tax in Absence of Statute, Will, or Other Provision", 68 A.L.R.3d 714, 726 (1976).

**10.** *Horath v. Pierce,* 506 P.2d 548, 553 (Okla. 1973).

**11.** *Trimble v. Hatcher's Ex'rs.,* 295 Ky. 178, 173 S.W.2d 985, 989 (1943), cert. den. 321 U.S. 747, 64 S.Ct. 611, 88 L.Ed. 1049 (1943); *Martin v. Martin's Adm'r.,* 283 Ky. 513, 142 S.W.2d 164, 167 (1940).

blood they are immune from taxation. The Stearmans argue that § 825 does not impose a tax on bequests and devisees to unrelated beneficiaries, but that it burdens only bequests and devisees to collateral kindred. The fallacy of the Stearmans argument can be shown by recognizing the distinction between "heirs" and "persons". The word "person" signifies any human being considered as a distinct entity or personality.[12] The definition of a "person" is broader in scope, and it encompasses any individual including strangers to the blood. The word "heirs" is more limited. It means those persons who succeed to the decedent's property at the time if no will is in existence,[13] i.e., blood kin or those who would take by virtue of intestate succession. The Stearmans also seek a restrictive definition of the word "collateral". Although collateral may mean belonging to the same ancestor but not in a direct line of descent,[14] it also means on the side, or at one side of a subject. Here, a transfer to any person not in the direct line of relationship is a collateral person, even if the person were not related to the decedent.[15]

Section 825 must be interpreted with the interrelating tax rate statute, 68 O.S.1981 § 803.[16] Section 803 divides tax rates into two categories: 1) transfers to lineal heirs, and 2) transfers to non-lineal heirs. The tables for computing the estate tax, § 825, similarly are divided, Table A is referenced to paragraph one of § 803 which includes lineal heirs, and Table B relates to paragraph two covering all other transfers. The statutes are specifically cross-referenced, they are in *para materia*[17] and they must be construed cumulatively.[18] Once the intention of the legislature can be clearly discerned from an analysis of all the enactments on the same subject, language may be altered and words supplied to effectuate legislative intent.[19] The second paragraph of § 803 would be meaningless if we were to limit § 825 to collateral and lineal heirs because § 803 encompasses *all* transfers including transfers to collateral persons. The statute must be construed to include transfers to unrelated beneficiaries as well as decedent's own kindred. The Stearmans are clearly within the purview

---

**12.** *Hamilton v. Keiter,* 16 Ohio Misc. 260, 241 N.E.2d 296, 298 (Ohio 1968).

**13.** *In Re Thompson's Estate,* 190 Okla. 481, 65 P.2d 442, 447 (1937).

**14.** *Ferraro v. Augustine,* 45 Ill.App.2d 295, 196 N.E.2d 16, 19 (1964).

**15.** *In Re Campbell's Estate,* 143 Cal. 623, 77 P. 674, 676 (1903).

**16.** The tax rates are provided in pertinent part in 68 O.S.1981 § 803.
"The tax upon the net estate and transfers, as defined and determined under this article, shall be determined and computed as follows:
1. Upon the net estate and transfers passing to the father, mother, child, child of husband or wife, adopted child, or any lineal descendent of decedent or of such adopted child, the rate shall be as follows:
....
2. The tax upon the net estate and transfers other than those transfers specified in paragraph 1, above, shall be at the following rates:
...."

**17.** *Redwine v. Baptist Medical Center of Oklahoma,* 679 P.2d 1293, 1296 (Okla.1983); *DeGraffenreid v. Iowa Land & Trust Co.,* 20 Okla. 687, 95 P. 624, 639 (1908).

Title 68 O.S.1981 § 825 provides in pertinent part:
"A. The following table shall be used in computing taxes upon the net taxable estate and transfers, subject to the tax rates provided in paragraph 1 of Section 803 of this article, as amended: ...
... B. The following table shall be used in computing taxes upon the net taxable estate and transfers subject to the tax rates provided in paragraph 2 of Section 803 of this article, as amended: ..."

**18.** We must apply the rule that the legislature is never presumed to have done a vain thing. *Loffland Bros. Equipment v. White,* 689 P.2d 311, 314 (Okla.1984). Effect must be given to all language in a statute unless to do so would accomplish an absurd result. In construing a statute it is presumed that every provision was intended to have some useful purpose and that all provisions should be given effect. *Chickasaw Fed. Sav. & L. Ass'n. v. Oklahoma Tax Commisson,* 528 P.2d 1384, 1387 (Okla.1974); *Hunt v. Washington Fire and Marine Insurance Co.,* 381 P.2d 844, 847 (Okla.1963).

**19.** *WRG Const. Co. v. Hoebel,* 600 P.2d 334, 337 (Okla.1979).

of § 825, and they must bear their pro rata share of the estate tax.

AFFIRMED.

All the Justices concur.