**Robert D. PHILLIPS, Sr., Personal Representative of the Estate of Hazel G. Luce, Appellant,**

v.

**Fred T. CASH, Appellee.**

No. 73204.

Supreme Court of Oklahoma.

Oct. 13, 1992.

As Amended on Grant of Rehearing for Limited Purpose June 8, 1993.

Boone, Smith, Davis, Hurst & Dickman, William C. Kellough and Robert J. Joyce, Tulsa, for appellant.

Carle, Higgins, Mosier & Taylor, Stratton Taylor, Claremore, for appellee.

WATT, Justice:

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

In 1981, Hazel G. Luce purchased three Certificates of Deposit. Two years later, she created a joint tenancy account for the three CDs, naming appellee, Fred T. Cash, as the co-tenant. On March 16, 1984, Ms. Luce died. Her will was admitted to probate August 22, 1984, with appellant Robert D. Phillips, Sr., as personal representative of the estate.

On September 26, 1984, Phillips filed a civil action in the District Court of Rogers County challenging Cash's interest in the CDs. At the conclusion of the September 12, 1985, trial, a jury found that Cash was the sole owner of the CDs. The ruling was later affirmed by the Court of Appeals.

During the pendency of the civil suit, Phillips filed estate tax returns and made initial tax payments. The final state tax payment was made on September 30, 1985, and the state estate tax release was issued on October 30, 1985. Phillips made the final federal tax payment on November 15, 1985, and the federal estate tax release was issued on December 20, 1985. A portion of the paid taxes was attributable to the three CDs owned by Cash.

On May 10, 1988, Phillips filed suit in Tulsa County District Court seeking reimbursement from Cash for the estate taxes paid on Cash's CDs. The case was subsequently transferred to Rogers County, where the district court held that Ms. Luce's death on March 16, 1984, preceded the judicial adoption of the doctrine of equitable apportionment. The court ruled, therefore, that the law applicable at Luce's death did not provide for estate tax liability upon the property passing to Cash. The district court did not address Cash's argument that the statute of limitations barred the action.

The Court of Appeals affirmed the lower court's decision, but did so on different grounds. The appellate court first ruled that the equitable apportionment theory was adopted prior to the decedent's death and was therefore applicable. However, the court then held that Phillips' action was barred by the statute of limitations. The court reasoned that Phillips should have brought the instant action either (1) as an alternative cause to the September 26, 1984, suit disputing ownership of the CDs, or (2) at the latest, when the initial estate tax payments were made on December 14, 1984.

## ISSUE

On certiorari, Phillips asks this Court to delineate when the statute of limitations on an action for equitable apportionment of estate taxes begins to run. We hold that the statute of limitations begins to run when tax liability is established. In the present case, tax liability was not established until the ownership of the Certificates of Deposit was determined and the estate taxes were paid and releases obtained from the taxing authorities. Phillips' action was commenced approximately two and one-half years after tax liability was established. Accordingly, we find that the suit was timely filed.[1]

## I.

Initially, we agree that the doctrine of equitable apportionment set forth in 68 O.S.1981 § 825 is applicable to the instant case. This Court first addressed § 825 in *In re Davidson*, 641 P.2d 1110 (Okla.1982),

---

1. Because this suit was filed less than three years after tax liability was established, we need not determine whether an action for equitable apportionment of estate taxes is governed by a three, rather than five, year statute of limitations. *See* 12 O.S.1981 § 95 (Second) and (Sixth). We also decline to address Phillips' claim that the lower court's decision is inconsistent with an unpublished opinion from a different division of the Court of Appeals. Unpublished opinions are deemed to be without persuasive value. 12 O.S.Supp.1989, Ch. 15, App. 2, *Rules of Appellate Procedure in Civil Cases,* Rule 1.200(B), (E).

and upheld the doctrine. We held that in the absence of a contrary expression of testamentary intent or statutory direction, "broad equitable principles place the burden of ... estate tax on the property which generates the tax, and exonerates therefrom property which does not." *Id.* at 1114, quoting *In re: Estate of Wahlin,* 505 S.W.2d 99 (Mo.App.1973). *See also Matter of Estate of Bovaird,* 645 P.2d 500, 504–5 (Okla.1982). Therefore, the doctrine was in effect when Ms. Luce died on March 16, 1984.

■ Our opinion in *Estate of LeDonne v. Stearman,* 730 P.2d 519 (Okla.1986), further supports the conclusion that the doctrine applies to this case. There, the two appellants received certain property upon the death of the decedent, either as joint tenants or as beneficiaries under an insurance policy. This Court reiterated the holding in *In re Davidson* that equitable principles impose the payment of estate taxes on property generating the tax. We then held that § 825 required the appellants to pay a proportionate share of state and federal estate taxes, although: (1) Neither appellant was related by blood to the decedent, (2) none of their assets were part of the probate estate, and (3) there were sufficient assets in the probate estate to pay all the debts of the decedent.

*Estate of LeDonne* is directly applicable to the case at bar. Cash received the CDs as a surviving joint tenant. The CDs generated estate tax liability. Cash was not related by blood to Ms. Luce, the CDs were not part of the probate estate, and it appears that there were sufficient assets in the probate estate to pay all of Ms. Luce's debts. Therefore, if Phillips' action for reimbursement was timely filed, Cash is liable under § 825 for his proportionate share of the estate taxes.

## II.

The Court of Appeals held that Phillips should have filed the present action as an alternative cause to his earlier suit filed on September 24, 1984, or when he made initial estate tax payments on December 14, 1984. We disagree. "Generally, a statute of limitations begins to run when a cause of action accrues, and a cause of action accrues at the time when a litigant first could have maintained his action to a successful conclusion." *Sherwood Forest No. 2 Corp. v. City of Norman,* 632 P.2d 368, 370 (Okla.1980). Phillips could not have initiated a successful action either on September 24, 1984, or on December 14, 1984.

The ownership interest in the CDs was not determined until a jury found in favor of Cash on September 12, 1985. Prior to that date, the party responsible for payment of the estate taxes attributable to the CDs was unknown. Thus, any action seeking reimbursement from Cash would have been premature. Moreover, the total amount of estate taxes due was not finally determined until December 20, 1985, when the federal estate tax release was issued. Therefore, even if ownership of the CDs had been settled by December 14, 1984 (the appellate court's "deadline"), the amount of taxes attributable to those assets could not have been determined until both the state and federal estate tax releases were issued.

We addressed an analogous issue in *Estate of LeDonne.* In deciding whether an appeal in an equitable apportionment case was timely filed, this Court held:

> The appeal was timely filed on December 21, 1984, because the refusal or the allowance of the release of estate tax liability was not finally determined until the actual amount of tax liability was settled, December 10, 1984.

*Id.,* 730 P.2d at 521. In the present case, as in *Estate of LeDonne,* estate tax liability was not finally determined until the actual amount of tax liability was settled. Those amounts were settled when both the state and federal estate tax releases were issued, the later of which occurred on December 20, 1985.

## CONCLUSION

In an action for equitable apportionment of estate taxes, the statute of limitations begins to run when tax liability is established. Tax liability is established when both of the following have been determined: (1) Ownership interests in those assets subject to taxation, and (2) the actual amount of tax liability. In the present case, Cash's ownership interest in the CDs was settled at the September 12, 1985, jury trial. The actual amount of tax liability was established after the last estate tax release was issued on December 20, 1985. Thus, Cash's liability to pay his proportionate share of estate taxes was established as of December 20, 1985. The May 10, 1988, suit for reimbursement was timely filed.

The opinion of the Court of Appeals is VACATED. The district court's order granting summary judgment in favor of appellee is REVERSED. This case is REMANDED to the district court for proceedings to determine the correct proportionate share of estate taxes for which the appellee shall be responsible.

HODGES, V.C.J., and ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, C.J., concurs in result.

SIMMS and HARGRAVE, JJ., dissent.