2013 OK CIV APP 65

### In the Matter of the ESTATE OF Laura Marie ANDERSON.

**Bennie Joyce Edmonds, Personal Representative of the Estate of Laura Marie Anderson, deceased, Plaintiff/Appellee,**

v.

**Ronald James Karas, Karen Kay Spoczynski, Robert Scott Spoczynski and Brian Keith Spoczynski, Defendants/Appellants,**

and

**Theodore Joseph Anthony Karas and Opal Aline Karas Estate, Defendants.**

**No. 110,183.**

Court of Civil Appeals of Oklahoma, Division No. 2.

March 12, 2013.

As Corrected April 12, 2013.

Rehearing Denied April 15, 2013.

Certiorari Denied June 11, 2013.

Matt Wheatley, Wheatley, Segler, Osby & Miller, LLC, Yukon, Oklahoma and B. Christopher Henthorn, B. Christopher Henthorn, PLLC, Yukon, Oklahoma, for Plaintiff/Appellee.

Robert L. Rainey, Joseph C. Schubert, Jeffrey I. Crain, Rainey Law, LLP, Oklahoma City, Oklahoma, for Defendants/Appellants.

JOHN F. FISCHER, Presiding Judge.

¶ 1 Ronald James Karas, Karen Kay Spoczynski, Robert Scott Spoczynski and Brian Keith Spoczynski, (Appellants) appeal an order of the district court granting Bennie Joyce Edmonds's (Personal Representative) motion for new trial and a separate order vacating a judgment previously granted in

their favor. Because the three-year statute of limitations in 12 O.S.2011 § 95(A)(2) governs an action to apportion estate taxes among the non-probate beneficiaries of an estate, the district court's order granting the Personal Representative's motion for new trial is reversed. The district court's November 30, 2011, order vacating its July 28, 2011 judgment is affirmed. Because we do not decide whether the Estate's action against the Appellants is barred by the three-year statute of limitations, we remand for further proceedings.

## BACKGROUND

¶ 2 The material facts necessary to the disposition of this appeal are undisputed. Laura Marie Anderson died on June 28, 2005. Shortly thereafter, the Appellants received certain payments as a result of property they jointly owned with Anderson. A petition to probate Anderson's will was filed on August 31, 2005. Bennie Joyce Edmonds was appointed the Personal Representative for the Estate. State and federal estate tax returns were filed in December 2006. Those returns asserted what the Personal Representative claimed the Estate's tax liability was, and the full amount of estate tax due was paid from property of Anderson's probate estate. Included in the estate tax was liability for the property received by the Appellants. On January 9, 2007, the Oklahoma Tax Commission accepted the tax liability determined by the Estate and issued its Order Releasing Taxable Estate. The Internal Revenue Service issued its Estate Tax Closing Document on May 9, 2007.

¶ 3 On March 27, 2009, the Personal Representative sent a notice to the Appellants stating the amount she claimed they owed the Estate as their proportionate share of the estate taxes previously paid. On May 11, 2010, the Personal Representative filed a petition to determine and apportion the estate tax liability of the non-probate beneficiaries of the Estate. The petition named each of the Appellants as a defendant, alleged that

each had received property from Anderson's estate for which the Estate had paid the estate taxes, and sought to recover the named defendants' proportionate share of the estate taxes paid from probate estate property related to the property the named defendants had received. On May 27, 2011, four of the defendants filed a motion for summary judgment. The district court concluded that the Personal Representative's action was authorized by section 268 of the Oklahoma Probate Code, 58 O.S. §§ 1 to 1258, but had to be filed within three years. Because the Personal Representative's petition was filed more than three years after the IRS Closing Document, the court concluded it was barred by 12 O.S.2001 § 95(A)(2). The district court's Journal Entry of Judgment granting the defendants' motion was filed July 28, 2011.

¶ 4 On August 8, 2011, the Personal Representative filed Plaintiff's Motion and Brief for Reconsideration (New Trial). The district court granted that motion on October 18, 2011, and vacated its July 28, 2011 judgment on November 30, 2011. Both orders are the subject of this appeal.[1]

## STANDARD OF REVIEW

¶ 5 "A motion seeking reconsideration, re-examination, rehearing or vacation of a judgment or final order, which is filed within 10 days of the day such decision was rendered, may be regarded as the functional equivalent of a new trial motion, no matter what its title." *Horizons, Inc. v. Keo Leasing Co.*, 1984 OK 24, ¶ 4, 681 P.2d 757, 759. The Personal Representative's motion will be treated as a motion for new trial. "A trial court is vested with wide discretion on whether to grant a new trial." *Propst v. Alexander*, 1995 OK 57, ¶ 8, 898 P.2d 141, 144. The district court's decision on a motion for new trial is reviewed for an abuse of discretion. *Capshaw v. Gulf Ins. Co.*, 2005 OK 5, ¶ 7, 107 P.3d 595, 600. "An abuse of discretion occurs when a decision is based on an erroneous conclusion of law or where

1. Appellants also challenge the district court's failure to grant them costs and attorney fees as the prevailing party. Because of our disposition of this appeal, it is not necessary that we resolve that issue. As stated in the Conclusion of this Opinion, the prevailing party, who may be entitled to costs and attorney fees pursuant to 58 O.S.2011 § 268, has not yet been determined.

there is no rational basis in evidence for the ruling." *Spencer v. Oklahoma Gas & Elec. Co.*, 2007 OK 76, ¶ 13, 171 P.3d 890, 895 (footnote omitted). "Because a trial court's discretion is broad [in ruling on a motion for new trial] its ruling will not be disturbed by the reviewing tribunal in the absence of a clear showing of a manifest error or abuse of discretion with respect to a pure, simple and unmixed material question of law." *Capshaw*, 2005 OK 5, ¶ 7, 107 P.3d at 600 (footnote omitted). If a "new trial is granted by the same judge who tried the case, a much stronger showing of error or abuse of discretion is required in order for this Court to reverse than if a party was appealing a refusal to grant a new trial." *Austin v. Cockings*, 1994 OK 29, ¶ 10, 871 P.2d 33, 34. Nonetheless, we review the district court's construction of a statute *de novo*. "A legal question involving statutory interpretation is subject to de novo review, i.e., a non-deferential, plenary and independent review of the trial court's legal ruling." *Heffron v. District Court of Oklahoma County*, 2003 OK 75, ¶ 15, 77 P.3d 1069, 1076 (footnote omitted).

## ANALYSIS

¶ 6 The dispositive issue in this appeal is a question of law: Does the three-year statute of limitations in 12 O.S.2011 § 95(A)(2) govern an action to equitably apportion estate taxes among the non-probate beneficiaries of an estate? The determination of that issue depends on whether the right to bring that action is created by statute or judicial doctrine.

Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

....

2. Within three (3) years ... an action upon a liability created by statute other than a forfeiture or penalty....

....

12. An action for relief, not hereinbefore provided for, can only be brought within five (5) years after the cause of action shall have accrued.

12 O.S.2011 § 95(A). We answer the question left unresolved by *Phillips v. Cash*, 1992 OK 141, 854 P.2d 372, and hold that the three-year statute applies. We reverse the district court's order granting the Personal Representative's motion for new trial.

¶ 7 First, we agree with the Estate to the extent it argues that section 268 of the Probate Code did not create the Appellants' liability for estate taxes. That statute was enacted in 1990 and provides:

For property other than the probate estate passing directly upon the death of a decedent to another, by law, the executor or administrator of the estate of the decedent shall have the authority to bring an action in the district court having jurisdiction of the probate estate for the collection of any of the state or federal estate tax due and owing by the nonprobate beneficiaries after ten (10) days following service of notice by such executor or administrator upon such nonprobate beneficiary before suit is filed. Such notice shall state the amount of federal or state tax due to the executor or administrator by the nonprobate beneficiary. In such actions, the court costs and reasonable attorney fees may be assessed in favor of the prevailing party.

The general rule of statutory construction provides that "nothing may be read into a statute which was not within the manifest intention of the legislature as gathered from the language of the act." *Stemmons, Inc. v. Universal C.I.T. Credit Corp.*, 1956 OK 221, ¶ 19, 301 P.2d 212, 216. Section 268 does not establish the doctrine of equitable apportionment. It merely imposes a notice requirement as a prerequisite to any suit by an estate to enforce that doctrine.

¶ 8 Prior to 1965, taxes imposed on death were paid from the assets of an estate. *In re Davidson*, 1982 OK 27, ¶ 11, 641 P.2d 1110, 1113. In 1974, the Legislature amended section 825 of the Tax Code that provided the rates and method by which estate taxes were to be calculated. 68 O.S. Supp.1974 § 825 (Repealed by Laws 2006, 2nd Extr. Sess., HB 1172, ch. 42, § 6, eff. January 1, 2010). The result of the 1974 amendment was to impose estate taxes on the inheritance of estate property rather than on the transfer

of the decedent's probate property to the estate at the time of death. "Having found § 825 constitutionally clear and unambiguous on its face, we need not respond to appellant's contention that estate taxes shall be paid out of the residue of the estate, that law having been supplemented by § 825." *Davidson*, 1982 OK 27, ¶ 16, 641 P.2d at 1113. The 1974 amendment also distinguished between the portion of the estate passing to lineal persons and the portion passing to collateral persons and provided: "Unless the will otherwise provides, the tax shall be apportioned among lineal and collateral persons." The liability imposed by the 1974 amendment to section 825 on recipients of non-probate estate property was recognized in *Estate of LeDonne v. Stearman*, 1986 OK 77, ¶ 1, 730 P.2d 519, 520.

> [B]ecause the Oklahoma statute employs the word "persons" instead of the term "heirs", and that because the non-probate property generates estate tax liability even though it is not a part of the probate estate, the [non-probate] beneficiaries must bear their proportionate share of the estate tax assessment.

As a result of the 1974 amendment, lineal heirs, collateral heirs and non-probate beneficiaries became liable for their proportionate share of estate taxes. *Id.* (Title 68 O.S. § 825 requires apportionment of estate taxes among all beneficiaries receiving tax generating assets.).

¶ 9 The Estate argues that the five-year limitation period in 12 O.S.2011 § 95(A)(12) controls because no other limitation period applies. It bases this argument on the proposition that equitable apportionment of estate taxes was established by judicial doctrine, not statute. The Estate is correct to the extent that *In re Davidson* is the first judicial application of the doctrine of equitable apportionment in Oklahoma. *See In re Mac-Farline*, 2000 OK 87, n. 3, 14 P.3d 551, 557 n. 3 (doctrine of equitable apportionment of estate taxes became entrenched with *In re Davidson* ). However, *In re Davidson* and the line of cases following that decision did not establish the principle of equitable apportionment of estate taxes. The liability of non-probate beneficiaries for their propor-

tionate share of estate taxes is established by the 1974 amendment to section 825, enacted eight years before the *Davidson* decision.

> Thus, a testator's silence on the subject of taxes now effects a result different from that which formerly prevailed. Prior to the enactment of the proration statute his failure to speak on taxes imposed the burden of their payment upon the residuary estate, while, under the [proration] statute, such a failure requires the beneficiary of each gift to pay a proportionate share of the taxes.

> We found the 1974 amendment to 68 O.S. 1981 § 825 to have substantially the same effect in this state.

*Lomon v. Citizens Nat'l Bank & Trust of Muskogee*, 1984 OK 68, ¶ 9, 689 P.2d 306, 310 (describing the New York apportionment statute and citing *In re Davidson* ). *See also, Phillips v. Cash*, 1992 OK 141, ¶¶ 7 and 9, 854 P.2d 372, 373–74 (agreeing "that the doctrine of equitable apportionment set forth in 68 O.S.1981 § 825 is applicable ... if [the Personal Representative's] action for reimbursement was timely filed, [the non-probate beneficiary] is liable under § 825 for his proportionate share of the estate taxes"). Therefore, despite the reference in some opinions to equitable apportionment of estate taxes as a judicial doctrine, it is clear that doctrine, as it existed in Oklahoma at the time of the transfers to the Appellants, was established by the 1974 amendment to section 825.

¶ 10 We are further convinced of this construction of section 825 considering the Legislative history of that statute. As previously noted, section 825 did not apportion estate taxes in its original form but placed the entire burden on the residuary estate. *See Lomon*, 1984 OK 68, ¶ 8, 689 P.2d at 309; *In re Davidson*, 1982 OK 27, ¶ 11, 641 P.2d at 1113. However, in 1965 the Legislature adopted the Uniform Estate Tax Apportionment Act, 58 O.S. Supp.1965 §§ 2001–2012 (Repealed by Laws 1969, HB 1133, ch. 97, § 1). Section 2003 of the Uniform Act provided, in pertinent part:

> Unless the will otherwise provides, the [estate] tax shall be apportioned among all persons interested in the estate. The ap-

portionment shall be made in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate.

Section 2006 of the Act provided that the apportionment would recognize "any exemptions granted ... and ... any deductions and credits allowed by the law imposing the tax." With the 1969 repeal of the Uniform Act, Oklahoma returned to the pre–1965 approach of imposing the entire estate tax burden on the residue of the estate. *See In re Estate of Hixon,* 1985 OK 18, ¶ 11, 715 P.2d 1087, 1091.

¶ 11 This context informs our construction of the 1974 amendment:

The Court also recognizes that by amending a statute the Legislature may have intended (1) to change existing law or (2) to clarify ambiguous law. The exact intent is ascertained by looking to the circumstances surrounding the amendment. If the earlier version of a statute definitely expresses a clear and unambiguous intent or has been judicially interpreted, a legislative amendment is presumed to change the existing law.

*Ledbetter v. Oklahoma Alcoholic Beverage Laws Enforcement Comm'n,* 1988 OK 117, ¶ 7, 764 P.2d 172, 179. First, the differences between the language of the pre–1965 and post–1974 versions of section 825 could not be clearer. The first imposes tax liability on the residue of the entire probate estate; the second equitably apportions liability among estate beneficiaries and recipients of the deceased's property. Second, the pre–1965 version of section 825 had been the subject of clear judicial interpretation. *See In Re Rettenmeyer's Estate,* 1959 OK 199, 345 P.2d 872 (burden of estate taxes falls upon the residuary estate including property devised to wife that qualified for the marital deduction and did not contribute to the tax liability of the estate). Likewise, the post–1974 version had been the subject of clear judicial interpretation. "Having found § 825 constitutional ... we need not respond to appellant's contention that estate taxes shall be paid out of the residue of the estate, that law having been supplemented by § 825." *In re Davidson,* 1982 OK 27, ¶ 16, 641 P.2d at 1113. As the Supreme Court observed in *Estate of LeDonne v. Stearman,* 1986 OK 77, ¶ 9, 730 P.2d 519, 522: "Because the presumption is that the legislature is aware of this Court's interpretation of § 825, and because the statute has not been changed, it must be assumed that the legislature has ratified and approved the Court's construction." We hold that the Legislature intended to change existing law and establish equitable apportionment of estate taxes by passing the 1974 amendment.

■ ¶ 12 Consequently, section 825 of the Tax Code created the Personal Representative's right to pursue the Appellants in this case for their proportionate share of estate taxes. That conclusion determines the applicable statute of limitations. "To be governed by the three-year statute of limitations for liabilities created by statute, the liability must be one that does not exist but for the statutory provision." *Woods v. Prestwick House, Inc.,* 2011 OK 9, ¶ 2, 247 P.3d 1183, 1185–86 (two-year statute of limitations applies to invasion of privacy tort because it was judicially recognized before codified by statute). Because the Appellants' liability for their proportionate share of the Estate's taxes was created by statute and not by judicial decision, the three-year limitations period in 12 O.S.2011 § 95(A)(2) governs the Personal Representative's action to apportion estate taxes.

¶ 13 Further, we do not find a three-year limitation period "unreasonable." *Cf., Brogden v. Baugh,* 1936 OK 244, ¶ 20, 55 P.2d 994, 996–97 (doctor's suit against deceased's husband for medical services was based on implied contract and subject to three-year statute). The amount of tax and the beneficiary of a non-probate transfer would be known at the time the estate tax return is filed. The taxing authorities may subsequently adjust the tax due related to that transfer. Nonetheless, three years seems like a reasonable period of time within which "to require [an estate] to pursue [its] legal remedies" after the taxing authorities have acted. *Id.*

■ ¶ 14 Although the three-year statute of limitations governs the Personal Representative's suit against the Appellants, that

determination does not resolve this case. In her motion for new trial, the Personal Representative also argued that, even if the three-year statute applied, she had complied with that statute. *Phillips v. Cash*, 1992 OK 141, ¶ 6, 854 P.2d 372, 373, holds that "the statute of limitations begins to run when tax liability is established." In that case, the Court determined that the tax liability was established when the last of the two tax releases was obtained. The Personal Representative argues that "obtained" should be construed to mean when a party receives notice of the taxing authority's decision. Because her petition was filed within three years after receiving notice from the Internal Revenue Service of its Estate Closing Document, the Personal Representative contends that her petition is not barred by 12 O.S.2011 § 95(A)(2). If she is correct, her action to recover from the Appellants may proceed. The Personal Representative's argument raises questions of both fact and law. However, the district court declined to address this argument. "[I]t is not the duty of the appellate court on review to make first-instance determinations of disputed law or fact issues." *Evers v. FSF Overlake Assocs.*, 2003 OK 53, ¶ 18, 77 P.3d 581, 587. An appellate court "cannot craft an initial decision upon an *untried question* and then direct that it be followed on remand." *Id.* (emphasis in original). *See Bivins v. State of Oklahoma, ex rel. Oklahoma Mem'l Hosp.*, 1996 OK 5, ¶ 19, 917 P.2d 456, 464. This case must be remanded for a determination of whether the Personal Representative's action against the Appellants in this case is barred by 12 O.S. 2011 § 95(A)(2).

## CONCLUSION

¶ 15 The three-year statute of limitations in 12 O.S.2011 § 95(A)(2) governs an action to apportion estate taxes among the nonprobate beneficiaries of an estate. The district court's order granting the Personal Representative's motion for new trial is reversed. The district court's November 30, 2011 order vacating its July 28, 2011 judgment is affirmed. Because we do not decide whether the Estate's action against the Appellants is barred by the three-year statute of limitations, we remand for further proceedings.

¶ 16 Appellants' motion for appeal-related attorney fees and costs is denied. Until the Personal Representative's action to apportion estate taxes is resolved on the merits, the prevailing party who may be entitled to attorney fees pursuant to 58 O.S.2011 § 268 cannot be determined.

¶ 17 **AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.**

BARNES, V.C.J., and WISEMAN, J., concur.