2011 OK CIV APP 73

**Patricia Bowers EDWARDS, an Individual, as Guardian of Robert Drew Bowers, Plaintiff/Appellant,**

v.

**PAYNE EXPLORATION, INC., an Oklahoma Corporation, Defendant/Appellee.**

**No. 109,193.**

Court of Civil Appeals of Oklahoma, Division No. 1.

May 6, 2011.

confidential and proprietary information for

Babette Patton, Breathwit & Patton, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Michael J. Novotny, Hartzog Conger Cason & Neville, Oklahoma City, Oklahoma, for Defendant/Appellee.

CAROL M. HANSEN, Judge.

¶ 1 Plaintiff/Appellant, Patricia Bowers Edwards (Edwards), as guardian of Robert Drew Bowers (Drew), seeks review of the trial court's order dismissing her action against Defendant/Appellee, Payne Exploration Company (Payne), identified in the caption as Payne Exploration, Inc., arising from a transaction between Payne and two trusts of which Drew is the beneficiary. We affirm because Drew is not a third party beneficiary of the contract between Payne and the trustee, and therefore has no standing to seek its rescission.

¶ 2 Edwards sued Payne alleging Payne contacted the trustee of the trusts and offered to purchase certain mineral working interests owned by the trusts, knowing a well

their material benefit."

had recently been drilled and completed but without disclosing the mineral production to the trustee. Edwards sought to rescind the contract between Payne and the trusts as fraudulently induced.

¶ 3 Payne moved to dismiss on the grounds the petition failed to state a claim on which relief may be granted and Edwards lacked standing to bring the claim. It argued Edwards, whether as an individual or as guardian for Drew, was a stranger to the transaction with the trustee. It asserted it was a bona fide purchase for value, and therefore it is not liable to trust beneficiaries pursuant to 60 O.S.2001 § 175.7.[1] Payne also argued Edwards lacked standing or capacity to sue Payne for rescission because she was a stranger to the transaction and could not have been fraudulently induced into making the conveyance.

¶ 4 In response, Edwards argued Payne was not a bona fide purchaser for value because it failed to act in good faith by negotiating for the purchase of the mineral interest while concealing the status of the well. She also argued she had standing to sue as the guardian for the income beneficiary under the holding in *In re Estate of Doan*, 1986 OK 15, 727 P.2d 574.

¶ 5 The trial court granted the motion to dismiss on both grounds, finding Edward's petition failed to state a claim upon which relief may be granted, and she lacked capacity to sue this defendant on the grounds or for the relief requested in the petition. Edwards appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup.Ct. R. 1.36, 12 O.S.Supp.2003, Ch. 15, App. 1.

■ ¶ 6 Drew, represented by his guardian, is a third party to the mineral purchase agreement between Payne and the trusts. He is entitled to enforce the contract only if the parties to the contract made it expressly for his benefit. 15 O.S.2001 § 29. He has standing to seek rescission of the contract only under the same condition.[2] In *Oil Capital Racing Ass'n, Inc. v. Tulsa Speedway, Inc.*, 1981 OK CIV APP 20, 628 P.2d 1176, 1179, the Court considered the meaning of this statute:

> [T]he underlying problem is one of semantics when is a promise expressly for a third party's benefit and when is the benefit merely incidental? The term "expressly" in a context relevant to this case means "directly" as distinguished from impliedly or indirectly. Thus the phrase "a contract, made expressly for the benefit of a third person" refers to a promise made directly for the third party's benefit. The benefit cannot be enforced if it has to be implied from the terms of the contract or results incidentally from its performance. The statute does not require the contract to expressly state that the beneficiary can enforce it, but only that the beneficial promise be express as it is here.

■ ¶ 7 In the present case, the trust agreement is a contract made expressly for Drew's benefit, but the mineral purchase agreement is not. The purpose of the mineral purchase agreement is to transfer a mineral working interest from the trusts to Payne. The benefit to Drew is indirect. Therefore, Drew, represented by his guardian Edwards, lacks standing to seek rescission of the agreement.

¶ 8 Accordingly, the trial court's order dismissing the petition is AFFIRMED.

HETHERINGTON, P.J., and BELL, C.J., concur.

---

1. 60 O.S.2001 § 175.7 provides,
   If the trustee in breach of trust transfers trust property to, or creates a legal interest in the subject matter of the trust in, a person who takes for value and without notice of breach of the trust, actual or constructive under the recording act, and who is not knowingly taking part in an illegal transaction, the latter holds the interest so transferred or created free of the trust and is under no liability to the beneficiary.

2. *e.g., Kaung v. Board of Managers of Biltmore Towers Condominium Ass'n*, 22 Misc.3d 854, 873 N.Y.S.2d 421, 435–436 ("[O]nly parties or third party beneficiaries to a contract have the capacity and standing to seek rescission of a contract."), and *Henry v. Lind*, 76 Wash.2d 199, 455 P.2d 927, 930 (1969) ("[O]ne cannot cancel an agreement to which he is not a party and with which he has no privity.").